Dennis GREINKE, a minor by William L. Greinke, his father and next friend, Plaintiff-Appellee,

v.

YELLOW CAB COMPANY, Defendant-Appellant.

No. 12032.

United States Court of Appeals
Seventh Circuit.

Jan. 10, 1958.

Julius Jesmer, Wyatt Jacobs, Chicago, Ill., Joseph B. Lederleitner, Chicago, Ill., William L. Eifrig, Jesmer & Harris, Chicago, Ill., Jacobs, Miller, Rooney & Lederleitner, Chicago, Ill., of counsel, for appellant.

Philip H. Corboy, Gerald M. Chapman, Chicago, Ill., for appellee.

Before FINNEGAN, HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This appeal is from a judgment on a jury verdict for the plaintiff in the sum of $15,000 in a common law negligence action.

The accident, out of which this action arose, occurred on Sunday afternoon, January 16, 1955, when a taxicab of the defendant collided with the plaintiff, a nine year old boy, as he was crossing Milwaukee Avenue in Chicago on foot in the middle of the block.

The undisputed evidence is that the driver of the defendant's taxicab did not sound his horn upon sighting plaintiff but immediately put on his brakes, leaving skid marks for approximately 60 feet on a dry concrete pavement, before colliding with the plaintiff. However, contrary to the defendant's contention, the other evidence on the question of negligence was conflicting.

The defendant contends that this court must follow the rule of appellate review for the State of Illinois and has a duty to determine "the issue of whether the manifest weight of the evidence supports or fails to support the verdict." As to whether there is a distinction with or without a difference between the law of appellate review in Illinois and the federal courts is a question we need not decide for the very elemental reason that the verdict here is not against the manifest weight of the evidence.

The defendant in its Appendix gives the evidence of the witnesses in narrative form and the testimony of Dorothy Kupersanian, one of plaintiff's witnesses, is quoted by the defendant therein as follows:

"The boy (plaintiff) did not run at any time. Milwaukee Avenue is a little wider than this courtroom so if the cab driver (defendant's driver) did not want to run over the boy as he was slowly walking across the street, he could have gone in back or in front of him. *He could have avoided running over this boy with just the slightest effort. * * * To my knowledge he made no effort whatever to avoid running over the boy."* (Our emphasis.)

The defendant in its reply brief informs us that this court is not being asked to pass upon the credibility of the witnesses. Of course, that is within the exclusive province of the jury under the' law of Illinois. Eizerman v. Behn, 1956, 9 Ill.App.2d 263, 275, 132 N.E.2d 788. To paraphrase the language of the Appellate Court of Illinois in that case and of the Supreme Court of Illinois in the case of Roller v. Kurtz, 1955, 6 Ill.2d 618, 626, 129 N.E.2d 693, the jury apparently believed the witnesses of the plaintiff. This court cannot substitute its judgment for that of the jury in passing on the credibility of witnesses where a conflict in testimony exists. It is the peculiar province of the jury to determine which witnesses were right and which were wrong. A decree approving the conclusion of the jury under such a state of the evidence will not be disturbed on appeal. The verdict was not against the manifest weight of the evidence and the District Court did not err in overruling defendant's motion for a directed verdict and properly overruled its motion for a new trial.

The defendant complains of the refusal of the District Court to give to the jury its tendered instructions M and/or N. However, the record fails to disclose any objection made by the defendant to such refusal. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S. C.A., provides that no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to

which he objects and the grounds of his objection. The defendant completely failed to comply with this Rule and has thereby waived this assignment.

The defendant, in an attempt to circumvent this waiver, now advances the argument that when it urged the tendered instructions and the reasons therefor upon the District Court it, in effect, complied with Rule 51. We fail to find any such language or rationale in Rule 51. The case of Stromberg Motor Devices Co. v. Zenith-Detroit Corp., 2 Cir., 1934, 73 F.2d 62, cited by the defendant, does not so hold and has no application here.

■■ The defendant complains of error in permitting Dr. Gibbs "to give an opinion which had a 10% margin of error, upon an incomplete hypothetical question which in turn depended on findings from less than 2% of a recording, 98% of which was destroyed." The defendant objected to the question for the reason that "it is incomplete; second, it invades the province of the jury; and is a matter of speculation and conjecture." The objection did not point out what facts it is claimed were omitted. Hence the objection was properly overruled on the ground that it was incomplete. Wabash R. Co. v. Lewis, 8 Cir., 1931, 48 F.2d 519. The balance of the objection went to the weight and not to the competency. The defendant made no objection to the qualifications of the expert. The weight, if any, to be given to his opinion was for the determination of the jury. Metropolitan Life Ins. Co. v. Armstrong, 8 Cir., 1936, 85 F.2d 187, 190. There was no reversible error committed in overruling this objection.

The office record of Dr. Narat was rendered admissible on his redirect examination by defendant's cross-examination. The District Court so ruled and we cannot say that reversible error was committed in so doing.

The judgment is

Affirmed.