**MONOMOY FISHERIES, INC.,**
**Plaintiff-Appellee,**

v.

**BRUNO & STILLMAN YACHT CO.,**
**INC., Defendant-Appellant.**

**No. 79–1433.**

United States Court of Appeals,
First Circuit.

Submitted May 12, 1980.
Decided July 30, 1980.

Robert S. Potters, Grover Henry Nix, III, and Nix & Wendell, Boston, Mass., P. C., on brief for defendant-appellant.

Daniel H. Kelleher, Boston, Mass., on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This is an action for breach of warranty in which the defendant appeals from an award of damages to the plaintiff for defects in a forty-two-foot lobster boat called the "Yellowbird." The plaintiff, Monomoy Fisheries, a Massachusetts corporation engaged in lobster fishing, contracted with the defendant, Bruno and Stillman Yacht Company, for the construction of the Yellowbird at the latter's facility in Newington, New Hampshire. Shortly after accepting delivery of the vessel on July 14, 1975, the plaintiff discovered numerous defects in her construction, including damage to the balsa core hull, leakage in the hydraulic system and stuffing boxes, faulty electrical connections, and defects in the bilge pumps, steering system, support beams and propeller shaft. Following a two-day trial, a jury assessed damages of $25,000 for breach of implied warranty of merchantability.[1] The

---

1. The plaintiff had also sought to recover on the basis of an express warranty contained in the contract, which provided:

The Builder warrants each new vessel to be free from defects of materials or workman- ship for a period of 90 days after delivery to original Buyer. Builders [sic] obligations are expressly limited to replacement or repair of any defects covered by this warrantee [sic] at its facility in Newington, N.H.

defendant now appeals, citing as its sole assignment of error the court's failure to charge, as requested, on the plaintiff's duty to mitigate damages. We affirm.

The threshold question is whether the defendant has properly preserved this issue for appeal. The defendant submitted five requests for instructions, four relating generally to the issue of mitigation, and the fifth suggesting that the amount of hull insurance on the vessel was relevant to any assessment of her value.[2] The court included none of these requests in its charge to the jury. Immediately following the charge, the defendant voiced an objection— which was subsequently withdrawn—only to the court's omission of the requested instruction concerning hull insurance; no reference of any kind was made to the issue of mitigation. In these circumstances, the plaintiff contends that, under Rule 51 of the Federal Rules of Civil Procedure,[3] the defendant has waived its right to advance this issue on appeal.

 The defendant responds by acknowledging its noncompliance with Rule 51 but urging that it be overlooked. Citing to *Stewart v. Ford Motor Co.*, 553 F.2d 130, 139–41 (D.C.Cir.1977), and *Mays v. Dealers Transit, Inc.*, 441 F.2d 1344, 1351–52 (7th Cir. 1971), it contends that an objection following the charge was unnecessary because its position on the issue of mitigation had previously been clearly made known to the court and it was evident that a further objection would have been unavailing. We

find this argument unpersuasive, for whatever merit this proffered exception to Rule 51 might have generally, *see Bouley v. Continental Co.*, 454 F.2d 85, 88 (1st Cir. 1972), it is plainly inapplicable where a party has done nothing more than submit requests for instructions. By itself, the mere act of tendering requests provides no assurance that the court will consider and fully understand them—particularly where, as here, the record is silent as to whether the court ever explicitly rejected the requested instructions, or even discussed them with counsel, prior to the charge. More importantly, the court might inadvertently omit a request that it had intended to include in its charge, or might erroneously believe that its instructions adequately incorporated the substance thereof. *See, e. g., United States v. Byrd*, 542 F.2d 1026, 1028 (8th Cir. 1976) (per curiam) (Rule 30, Fed.R.Crim.P.); *Cone v. Beneficial Standard Life Ins. Co.*, 388 F.2d 456, 461 (8th Cir. 1968); *Dunn v. St. Louis-San Francisco Ry.*, 370 F.2d 681, 684 (10th Cir. 1966) (court cannot be informed "to what extent a request has not been given" until after charge). Contrary to defendant's view, therefore, a subsequent objection in these circumstances cannot be considered futile or superfluous. We conclude that the mere submission of requests for particular instructions is generally insufficient to preserve an issue for appeal. *E. g., Fulton v. Chicago, Rock Island & Pacific R.R.*, 481 F.2d 326, 338–39 (8th Cir.), *cert. denied*, 414 U.S. 1040, 94 S.Ct. 540, 38

However, because the repairs to the Yellowbird were effected at the plaintiff's facility in Chatham, Massachusetts, the court ruled that the plaintiff was precluded from recovering under this express warranty.

2. The five requested instructions were as follows:

 1. There is a duty on the part of the plaintiff to mitigate any damages which it claimed it suffered as a result of the defendant's alleged breach of contract.

 2. A plaintiff may not recover for any enhancement of damages which is due to its own acts.

 3. A plaintiff who has sustained an injury by reason of a breach of contract has no right to perform the contract if, by doing so, damages will be enhanced.

 4. The jury may take into account an offer by the defendant to take proper steps to reduce damage and such fact may be considered in connection with the failure of the plaintiff to accept such offer to limit its loss.

 5. Evidence as to the amount of hull insurance on the vessel Yellow Bird upon her arrival in Chatham may be taken into account as to the value of the vessel.

3. Rule 51 provides in pertinent part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

L.Ed.2d 330 (1973); *Greinke v. Yellow Cab Co.,* 250 F.2d 865, 866–67 (7th Cir. 1958); *see e. g., Kennett v. Delta Air Lines, Inc.,* 560 F.2d 456, 460, 461 (1st Cir. 1977).

As a result, we have only to decide whether the failure to charge on the duty to mitigate damages was "plain error," *e. g., Morris v. Travisono,* 528 F.2d 856, 859 (1st Cir. 1976)—an exception to Rule 51 that is to be applied "sparingly and only in exceptional cases or under peculiar circumstances to prevent a clear miscarriage of justice." *Nimrod v. Sylvester,* 369 F.2d 870, 873 (1st Cir. 1966). In an attempt to demonstrate that the plaintiff enhanced the damages resulting from the breach of warranty, the defendant points to several facts: plaintiff's decision to undertake repair of the warranty defects with its own personnel rather than permit the defendant to do so; plaintiff's failure to keep the defendant apprised of the progress of the repair work; plaintiff's commencement of the outfitting work in the course of making repairs; and plaintiff's failure to return the vessel to the defendant's yard when, fifteen minutes into the journey, a problem with the bilge pumps developed. Even were we to conclude that this evidence warranted an instruction on mitigation, the court's failure to charge on this issue plainly did not effect "a clear miscarriage of justice." *Nimrod v. Sylvester,* 369 F.2d at 873. By agreement of the parties, the measure of damages was not the cost of repairs, but "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted" pursuant to Mass.Gen. Laws ch. 106, § 2–714. At trial, several expert witnesses estimated damages according to this standard in amounts commensurate with that found by the jury. We find no plain error.

*Affirmed.*