**B.L. McTEAGUE & CO., INC.,**
Plaintiff, Appellant,

v.

**MARTIN COPELAND COMPANY, et
al., Defendants, Appellees.**

No. 84–1624.

United States Court of Appeals,
First Circuit.

Argued Dec. 4, 1984.

Decided Jan. 24, 1985.

James A. Wade, Hartford, Conn., with
whom Davis, Jenckes, Kilmarx & Swan,
Henry M. Swan, Providence, R.I. and Rob-
inson & Cole, Hartford, Conn., were on
brief for plaintiff, appellant.

Anthony F. Muri, Providence, R.I., with
whom Susan M. Huntley and Levy, Good-
man, Semonoff & Gorin, Providence, R.I.,
were on brief for defendants, appellees.

Before BREYER and TORRUELLA, Cir-
cuit Judges, and MALETZ,* Senior Judge.

PER CURIAM.

This appeal is taken from the denial of a
motion for a new trial in an action for
breach of contract. Plaintiff-appellant B.L.
McTeague & Co., Inc. (McTeague), a Con-
necticut corporation, agreed to act as exclu-
sive broker in the sale of defendant-appel-
lee Martin-Copeland Co. (Martin-Copeland),
a Rhode Island corporation. Under the
agreement the agency was to last for a
fixed period of eight months, during which
McTeague would receive a monthly fee. If
McTeague succeeded in arranging the sale,
upon completion of the transaction it would
receive an additional "investment banking
fee." On June 30, 1982, more than 10
months after the agreement was consum-
mated, Martin-Copeland redeemed the
shares belonging to its majority stockhold-
er, leaving the former minority sharehold-
ers in complete ownership of said corpora-
tion and making the sale of the company to
third parties a moot issue in the eyes of
this new majority. McTeague, claiming en-
titlement to the investment banking fee,
sued for breach of contract upon the denial
by Martin-Copeland that the stock redemp-
tion effectuated constituted a "sale" within
the meaning of the brokerage contract.

Appellant has taken issue with the dis-
trict court's submission to the jury of the
question of whether the agreement be-

---

* Of the United States Court of International   Trade, sitting by designation.

tween the parties covered the transaction which ultimately occurred. McTeague also alleges that the court erred in charging the jury on the plaintiff's claims of breach of contract and conspiracy to interfere with contractual relations. At no time before this appeal did the appellant raise any objections regarding these matters.

Rule 51 of the Federal Rules of Civil Procedure specifically states in pertinent part:

No party may assign as error the giving or the failure to give an instruction *unless he objects thereto before the jury retires* to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

(Emphasis added.)

 We are therefore called upon to find that appellant's failure to object to the instructions given by the court below was not fatal, and that the deficiencies and contradictions alleged constitute "plain error," *e.g., Morris v. Travisono,* 528 F.2d 856, 859 (1st Cir.1976)—an exception to Rule 51 that is to be applied "sparingly and only in exceptional cases or under peculiar circumstances to prevent a clear miscarriage of justice." *Monomoy Fisheries, Inc. v. Bruno & Stillman Yacht Co.,* 625 F.2d 1034, 1037 (1st Cir.1980); *Nimrod v. Sylvester,* 369 F.2d 870, 873 (1st Cir.1966).

We need not dwell unnecessarily on this matter. A review of the evidence in the record and the jury instructions does not present us with a situation that requires reversal for plain error. We find, for the most part, that the instructions given were consonant with the case as developed by the parties. The case involved a classic jury issue, interpretation of the intention of the parties from an ambiguous contractual relationship, which received a classic jury response and is thus entitled to the highest judicial deference.

In light of the above, we find that the trial court did not err in denying plaintiff's motion for a new trial. We further conclude that the present appeal is frivolous and therefore, pursuant to Rule 38 of the Rules of Appellate Procedure, award double costs to the appellees.

*Affirmed with double costs awarded to the appellees.*