Jeanne M. and Roger E. GAY,
Plaintiffs, Appellants,

v.

P. K. LINDSAY COMPANY, INC.,
Defendant, Appellee.

No. 81-1253.

United States Court of Appeals,
First Circuit.

Argued Nov. 3, 1981.

Decided Dec. 14, 1981.

Michael P. Hall, Manchester, N. H., with whom Brown & Nixon Professional Ass'n, Manchester, N. H., was on brief, for plaintiffs, appellants.

W. Wright Danenbarger, Manchester, N. H., with whom Wiggin & Nourie, Manchester, N. H., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

On July 1, 1977, plaintiff-appellant Jeanne Gay suffered severe injuries when the station wagon she was driving went out of control and rolled over. She had been returning home from the defendant-appellee P.K. Lindsay Company's plant, where she had obtained a 225-pound air compressor. Two Lindsay employees had loaded the compressor into the rear storage area of the car. Mrs. Gay and her husband, as co-plaintiff, alleged that the compressor had been negligently loaded, and that either its movement or position in the storage area caused the accident. A jury trial was held in the United States District Court for the District of New Hampshire, jurisdiction being based on diversity of citizenship. The jury returned a verdict for defendant, and plaintiffs now appeal to this court.

The accident occurred while Mrs. Gay was driving on the Everett Turnpike in New Hampshire at about 50 miles per hour. She approached a pickup truck in front of her, when a sudden cloud of sand arose in her path behind the truck. Startled, she turned the wheel; her car then swerved violently and rolled over. Plaintiffs attempted to prove that the compressor was improperly loaded in such a manner that it moved around and may have rubbed against a rear wheel well of the car. This movement and rubbing, they contended, resulted in the car's erratic behavior when Mrs. Gay reacted to the sand cloud by turning the wheel. Defendant's evidence tended to show that the compressor was loaded in a safe manner and that it did not cause the car's abrupt swing to one side.

Defendant also contended that the sand cloud was a superseding cause, the intervention of which sufficed to absolve the defendant of any liability even if its servants had been negligent. *See* Restatement (Second) of Torts § 440; *Reid v. Spadone Machine Co.*, 119 N.H. 457, 404 A.2d 1094, 1099 (1979). The district court instructed the jury at length on this issue. Plaintiffs now argue that the instruction was error on three separate grounds: first, they allege that it allowed the jury to find that the cloud of sand was a superseding cause even if it was reasonably foreseeable; second, they allege that it suggested that the cloud was caused by the negligence of a third party; and third, they allege that the instruction was not warranted by the evidence.

We hold that plaintiffs waived their right to raise the first and third of these grounds because they failed to object on those grounds at trial. Fed.R.Civ.P. 51. The only objection made by plaintiffs' counsel to the superseding cause instruction was as follows:

MR. NIXON [Counsel for Plaintiffs]: ... [T]here was allusion by the Court specifically to facts with respect to the cloud of dust indicating that the dust was caused by dirt falling from another truck when the evidence indicated there was either a patch in the road or dirt on the shoulder of the road or off another truck, but for some reason there was a cloud of dust ahead of her. It didn't clearly specify, but the Court's charge leaves no question that in the Court's mind the dirt came from another truck and after a

lengthy course of intervening cause in that context.

THE COURT: That's what the defendant claims, as the Court understands it, and I think I made it clear that was the defendant's claim and he had the burden of proof by a preponderance of the evidence. If they find it came from something other than a truck, he's out of luck on that one.

MR. DANENBARGER [Counsel for Defendant]: That's correct, your Honor.

MR. NIXON: The difficulty is, your Honor, that's the reason for my exception in this respect—

THE COURT: I understand.

MR. NIXON:—is that the only way reference came in was on the basis the dirt came from another truck, and that is not the way the evidence stands, and the jury has not heard about any other possible source of that dirt or dust cloud, whatever it was, and the supervening cause charge was emphasized again and again on that point and on others. . . .

Despite the fact that the court had already told counsel that reasons for objections must be given, and later invited counsel to "[t]ake all the objections you want," nothing further was forthcoming concerning this instruction.

▮▮▮ The stated objection plainly refers only to the possibility that the instruction improperly suggests that "in the Court's mind the dirt came from another truck," and it was to this ground that the court addressed its response. There is no reference to any difficulties with the foreseeability of the sand cloud, or with the absence of a factual predicate for the instruction. Fed.R.Civ.P. 51 provides,

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel

of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

The rule thus explicitly requires that the grounds of the objection be given. The purpose of this "is to afford the trial judge an opportunity upon second thought, and before it is too late, to correct" any errors. *Marshall v. Nugent,* 222 F.2d 604, 615 (1st Cir. 1955). Objections must be "sufficiently specific to bring into focus the precise nature of the alleged error." *Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645 (1943); *see Charles A. Wright, Inc. v. F.D. Rich Co.,* 354 F.2d 710, 713 (1st Cir.), *cert. denied,* 384 U.S. 960, 86 S.Ct. 1586, 16 L.Ed.2d 673 (1966). The objection here did not relate to any difficulties with foreseeability or lack of basis in fact for the instruction. It thus did not suffice to apprise the district court of the insufficiencies in the instruction now being claimed. We therefore decline to entertain these assignments of error.[1] *See Morris v. Travisono,* 528 F.2d 856, 859 (1st Cir. 1976).

▮▮▮ Respecting plaintiffs' contention that the instruction erroneously suggested that the sand cloud came from the pickup truck, the objection was sufficient to preserve this point, but we find no merit in the point itself. Plaintiffs' argument seems to be that the instruction somehow suggested that the sand cloud must have been caused by the negligence of the truck driver, and that this partially usurped the jury's role in deciding whether there was a superseding cause. But the court did not state that the sand came from the truck. Rather, it stated that this contention was "[t]he thrust of

---

1. In the absence of an objection, plain error may be noted, *Nimrod v. Sylvester,* 369 F.2d 870, 873 (1st Cir. 1966). Plain error, however, is a rare species in civil litigation; it will be found only "to prevent a clear miscarriage of justice." *Id.; Morris v. Travisono,* 528 F.2d 856, 859 (1st Cir. 1976). We perceive nothing even approaching that standard here.

[the superseding cause] defense," and specifically noted that "the defendant has the burden of proof" on the issue. Taken as a whole, we are unable to say that the instruction assumed that the sand cloud was caused by the negligence of a third party. Rather, it directed the jury to decide for itself on this issue.

■ The next assignment of error concerns the district court's failure to permit plaintiffs' counsel to examine certain documents in connection with his cross-examination of Charles Dietrich, defendant's expert witness. The documents were correspondence from defendant's counsel to Dietrich on which Dietrich relied in part in forming his expert opinion. The district court examined the documents *in camera* and held that they were work product, and that plaintiffs had not made a sufficient showing of need to compel their disclosure. *See* Fed.R.Civ.P. 26(b)(3). As they did below, plaintiffs assert that Fed.R.Evid. 705 is the source of their "substantial need" of the documents. The rule provides that an expert may testify to his opinion without disclosing the facts underlying it, although the facts may be elicited on cross-examination. It therefore "assumes that the cross-examiner has the advance knowledge [of those facts] which is essential for effective cross-examination." Notes of Advisory Committee, Rule 705. Plaintiffs argue that disclosure was necessary to permit adequate cross-examination under that rule.

The documents have now been reviewed by plaintiffs' counsel for the purpose of this appeal. The nondisclosure of only one document is alleged to have resulted in prejudice. That document is a statement by Charles Copeland (president of defendant) taken by defendant's insurer. The statement contains a description of Copeland's belief as to how the compressor was loaded, based, it would seem, on information from George Menard and Richard Loverling, the two men who actually loaded it. Both Menard and Loverling testified at trial that the compressor was loaded sideways, but Copeland's statement says that it was loaded with the wheels to the front. Plaintiffs argue that the statement could thus have been used to impeach Menard, Loverling, and Dietrich.

Rule 705 is inapposite to this impeachment argument. Under the rule, the cross-examiner must know the facts on which the expert's opinion is based. *See, e.g., Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981). Here, plaintiffs' counsel was well aware of those facts, as demonstrated by his cross-examination of Dietrich. He knew that Dietrich's conclusions as to the cause of the accident were based on an assumption that the compressor was loaded sideways. He also knew the facts leading Dietrich to make that assumption. Copeland's statement that the compressor was loaded with the wheels forward was not a fact underlying Dietrich's conclusion. In his deposition, Dietrich testified that he had relied "in part" on the documents sent from defendant's counsel. It is now clear that this statement was not a part of what was relied upon.

To the extent that any sort of impeachment argument might be considered relevant, the Copeland statement was clearly unnecessary. Menard and Loverling had both stated at their pre-trial depositions that they thought they had loaded the compressor with its wheels forward, contrary to their assertions at trial. Plaintiffs' counsel explicitly referred to this deposition testimony while questioning Menard, Loverling, and Dietrich. Copeland's statement would have had very little, if any, additional impeachment value above that of the deposition testimony made under oath by Menard and Loverling themselves.

■ Finally, it seems well-settled that there is in general no justification for discovery of the statement of a person contained in work product materials when the person is available to be deposed, as Mr. Copeland was here. *See* 8 Wright & Miller, Civil Practice & Procedure: Civil § 2025, at 215, and cases cited at note 72. In light of all these considerations, we are unable to see any error in the district court's determination that the plaintiffs did not have "substantial need" of Copeland's statement.

Plaintiffs argue further that the documents should have been disclosed pursuant to Fed.R.Evid. 612(2), which provides,

> Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh his memory for the purpose of testifying, . . .
>
>> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. . . .

While it is possible that materials relied on by an expert in forming his opinion may be said to come within this rule, *see Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D.N.Y.1977), plaintiffs have again waived their objection on this ground by failing to make it below. Plaintiffs' counsel argued below that he needed the materials to prepare for cross-examination under Rule 705, but never once mentioned Rule 612. The district court was thus deprived of the opportunity to exercise its discretion under the rule "in the interests of justice," and we will not now attempt to weight the appropriate factors ourselves for the first time.

Plaintiffs' final contention is that the district court erred in permitting defendant's counsel to demonstrate at the view how it contended the compressor was loaded. We fail to see any prejudice to plaintiffs in this, because plaintiffs' counsel was immediately allowed to demonstrate the way they contended it was loaded. In the absence of any prejudicial effect, we will not reverse a trial court for alleged improprieties in the conduct of a view. *Rodrigues v. Ripley Industries, Inc.*, 507 F.2d 782, 787 (1st Cir. 1974); *see also* Fed.R. Civ.P. 61 (harmless error).

*Affirmed.*