Marion McGRATH, Plaintiff, Appellee,

v.

Carlo SPIRITO, Jr., etc., Defendant, Appellant.

No. 83–1929.

United States Court of Appeals, First Circuit.

Argued April 6, 1984.

Decided May 2, 1984.

John D. Biafore, Providence, R.I., for defendant, appellant.

Joseph L. DeCaporale, Jr., Providence, R.I., for plaintiff, appellee.

Before BOWNES, ALDRICH and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

Defendant-appellant Carlo Spirito, Jr., appeals a jury verdict in a section 1983 civil rights action finding that, as Chairman of the Cranston, Rhode Island City Council, he had violated plaintiff-appellee Marion McGrath's first amendment right of freedom of speech.

Section 307 of the Charter of Cranston provides in pertinent part:

All meetings of the council and its committees shall be open to the public. Under such reasonable rules as may be adopted by the council for the preservation of order and decorum and the efficient conduct of its business, opportunity shall be given at all regular meetings, as well as at scheduled hearings, for citizens to be heard on matters within the authority of the council ....

Rule 29G of the Cranston City Council provides:

The chair shall enforce order and decorum among the persons outside the rail, and any person addressing the Council or a Committee thereof shall confine his remarks to the matter under consideration and shall avoid personalities.

The issue to be decided by the jury was whether Spirito in his capacity as Chairman of the City Council was acting pursuant to Rule 29G or trying to control the content of McGrath's speech by ordering her ejected from a City Council meeting before she had finished speaking.

Appellant raises two issues on appeal: that the district court erred in its instruction to the jury relative to the interplay of plaintiff's first amendment rights and defendant's authority under Rule 29G; and that the district court erred in failing to make a preliminary determination of the constitutionality of Rule 29G.

Appellant's jury instruction objection was lost because he failed to follow the requirements of Federal Rule of Civil Procedure 51:

**Rule 51. Instructions to Jury: Objection**

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. *No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of the hearing of the jury. [Emphasis added.]

We have held that the rule requires that the objection to jury instructions be made *after* the charge, not before. *Carrillo v. Sameit Westbulk*, 514 F.2d 1214, 1219 (1st Cir.), *cert. denied*, 423 U.S. 1014, 96 S.Ct. 445, 46 L.Ed.2d 385 (1975). The reason for requiring that objections to instructions be made after the charge and that they state distinctly the matter to which a party objects and the grounds of the objection is to give the trial judge an opportunity to correct any errors before it is too late. *Gay v. P.K. Lindsay Co., Inc.*, 666 F.2d 710, 712 (1st Cir.1981), *cert. denied*, 456 U.S. 975, 102 S.Ct. 2240, 72 L.Ed.2d 849 (1982).

The record makes it clear that no objection was made by appellant after the

charge. The court stated, "I will preserve any objections you have at this point on the instructions. Anything further?" Defense counsel responded, "No." A trial court's statement after the charge that objections made prior to it will be saved does not absolve an attorney from following the strictures of the rule. Objections cannot be carried forward. The rule is binding on both the court and attorneys and neither can circumvent it. In the exercise of our discretion we may, in compelling circumstances, overlook failure to comply with the rule, "but a party takes his chances and cannot rely on an assurance by the district court that his rights are saved." *Carrillo v. Sameit Westbulk*, 514 F.2d at 1219.

█ There is no reason here to overlook appellant's failure to follow the rule. It is true that prior to the charge there was a general discussion of the proposed instructions and defense counsel did object to the instruction the court indicated it would give, stating as follows:

> MR. BIAFORE: 19 has to do with defendant may not attempt to control the content of the plaintiff's speech, and that's pretty much the same insertions that are on Page 30, and my feeling is that runs contra to the rules of the city council which prescribe that the defendant was under an obligation to in fact control the content, in that the witness to be spoken [sic] had to be confined to the issue and avoidance of personalities. It would seem to [sic] the Court then has now taken the position that 29(g) is unconstitutional, and I object to that.

Passing the failure to object after the charge, this did not meet the specificity requirements of the rule.

At oral argument appellant, in response to a question, stated that he did not assert that the issue should have been taken from the jury as a matter of law. In light of this, it is difficult to understand the point of the objection which appears to ask for a ruling that, under the circumstances, the defendant had a right to control the content of plaintiff's speech. From the record, it would appear that defendant did not submit any written requests for instructions generally or on this point, and we also note that appellant's brief fails to spell out the content of an instruction that he thinks should have been given.

█ The next question is whether the instruction as given was "plain error" and thus an exception to Rule 51. *Morris v. Travisono*, 528 F.2d 856, 859 (1st Cir.1976). The exception is to be applied "sparingly and only in exceptional cases or under peculiar circumstances to prevent a clear miscarriage of justice." *Monomoy Fisheries, Inc. v. Bruno & Stillman Yacht Co., Inc.*, 625 F.2d 1034, 1037 (1st Cir.1980), quoting *Nimrod v. Sylvester*, 369 F.2d 870, 873 (1st Cir.1966). We have no difficulty holding that the instruction given was not plain error. Indeed, there is a question as to whether it was error at all.

█ The second issue, whether the district court erred in failing to make a preliminary determination of the constitutionality of Rule 29G, also avails appellant nothing. First, there was no request by defendant that the court make a preliminary finding on the constitutionality of the Council rule. Certainly, his objection in chambers to what he perceived to be the court's finding that the rule was unconstitutional cannot be construed as such. Second, the issue was not the facial constitutionality of the rule, of which there can be no doubt, but whether defendant applied it contrary to the Cranston City Charter and in violation of the plaintiff's first amendment right of freedom of speech.

*Affirmed.*