**Richard F. SEXTON,**
**Plaintiff, Appellant,**

v.

**GULF OIL CORPORATION,**
**Defendant, Appellee.**

No. 86–1323.

United States Court of Appeals,
First Circuit.

Argued Nov. 7, 1986.
Decided Jan. 21, 1987.

Robert L. Hernandez, with whom Madelyn Wessel, Boston, Mass., was on brief, for appellant.

Richard A. Freedman, with whom Brody & Feinberg, Boston, Mass., was on brief, for appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

Richard Sexton, the appellant in this diversity action, sued Gulf Oil Corporation, claiming that Gulf fired him from his job as a yard operator because he was a handicapped person, namely, an alcoholic. *See* Mass. Const. amend.art. CXIV; Mass. Gen.L. ch. 149, § 24K (1981). Gulf said that it fired Sexton primarily because he turned up for work drunk on October 3, 1981. Gulf also cited a series of past driving accidents, a record of absenteeism, and the need to have a responsible person in charge of the gasoline storage tanks at the Chelsea Terminal as reasons for the dismissal. Sexton testified that he was not drunk on October 3, but that Gulf knew he was an alcoholic. In Sexton's view, it was the general handicap of alcoholism, not a particular incident of drunkenness, that led to the termination. The trial court presented the case as turning in large part on the events of that October, and the jury found in Gulf's favor. Sexton appeals.

■ First, Sexton argues that the judge should not have told the jury that he had to prove that his alcoholism was the "sole cause" of his termination. He says that the judge should have told the jury that he could win as long as the alcoholism was a "determinative factor" leading to the discharge. Sexton did not object to the judge's instruction at the proper time, however, so his objection is waived. *See O'Brien v. Papa Gino's of America, Inc.,* 780 F.2d 1067, 1075 (1st Cir.1986). Both Article CXIV and § 24K prohibit discrimination "solely" on the basis of handicap. Mass. Const. amend. art. CXIV ("No otherwise qualified handicapped individual shall, solely by reason of his handicap, be ... subject to discrimination...."); Mass. Gen.L. ch. 149, § 24K ("Whoever ... shall dismiss from employment or refuse to rehire, solely because of his handicap, any [otherwise qualified person] shall be punished...."). Thus, we find no "plain er-

ror" in the instruction, and we have no basis for disregarding the waiver. *See Morris v. Travisono,* 528 F.2d 856, 859 (1st Cir.1976) (emphasizing the limited circumstances in which the court will entertain the "plain error" exception to Rule 51).

■ Second, Sexton argues that the judge should have instructed the jury that Gulf had a statutory obligation to make "reasonable accommodation" to Sexton's handicap. *See* Mass.Gen.L. ch. 151B, § 4 (Supp.1986) (enacted in 1983). The judge refused the request on the ground that the evidence on the point was inadequate, and we believe she was correct. The only evidence to which Sexton points indicating how Gulf might have accommodated his alcoholism consists of the suggestions that Gulf could (a) have placed Sexton in a "Troubled Employees" program or (b) have given him an assignment driving trucks. Sexton admitted during his deposition, however, that he did not pursue Gulf's offers to enroll him in the "Troubled Employees" program, and the evidence does not show how an assignment driving trucks could amount to an appropriate accommodation. Sexton adds in his brief that two expert witnesses, whom the court refused to allow him to call, might have added significant evidence. But he did not tell this to the trial court. There he said only that the witnesses would testify about the nature of alcoholism, whether it was a handicap, and the nature of his treatment. He cannot now claim to be prejudiced by the exclusion of evidence that he did not tell the trial judge he wanted to introduce.

Third, Sexton claims that "the district court erred in failing to instruct the jury that plaintiff could prevail if defendant refused to rehire him although he was a rehabilitated alcoholic." Our difficulty with this argument is that Sexton did not explain the matter adequately to the district court. *See* Fed.R.Civ.P. 51 (requiring a party to "stat[e] distinctly the matter to which he objects and the grounds of his objection" after the judge instructs the jury). Sexton did not ask the judge to tell the jury he "could prevail" if Gulf refused to "rehire" him. Rather, at the charging conference, the attorneys argued about how the court should characterize Sexton's claim in a part of the charge prior to the part where she told the jury what it must find in order to decide in Sexton's favor. The judge apparently accepted Gulf's view and told the jury that "Mr. Sexton says that Gulf unlawfully discharged him because of his handicap of alcoholism...." Sexton's counsel objected by saying "I'd like to enter my objection, if your Honor will not entertain an instruction concerning rehiring between the time of March of 1982."

■ We are not certain what Sexton meant by his objection. Perhaps he meant that the court should have said that Sexton's claim involved a failure to rehire. The evidence did not seem to call for that characterization, however, and in any event a general instruction simply *characterizing* the plaintiff's claim in a portion of the instructions that did not tell the jury what to do would have offered little or no guidance to the jury regarding the legal basis for his recovery. A failure, even if erroneous, to give the plaintiff's actual proposed instruction would have been harmless. Conceivably, as Sexton now argues, his objection was not to the court's characterization of his claim. He may have been objecting instead to the court's failure to instruct the jury on a different and important basis for recovery, namely that the jury could find for plaintiff if Gulf refused to hire him once he finished rehabilitative treatment. If the court interpreted the objection in this way, however, it would likely have determined that the evidence did not support giving an instruction on this new basis of recovery, and it could properly have refused the instruction for this reason. In any event, it is difficult for us to see how the trial court was supposed to understand what Sexton meant for it to do. The best way to have clarified the matter would have been for Sexton to have complied with Rule 51, to have told the trial court clearly and distinctly what instruction it should (or should not) have presented to

the jury. That way the court would have had a fair opportunity to evaluate the request in light of the law and the evidence that had been presented. We do not think that this case presents the kind of compelling circumstances that warrant giving Sexton a second opportunity to present his claim. *See McGrath v. Spirito,* 733 F.2d 967, 969 (1st Cir.1984).

Fourth, Sexton says that the trial court should have told the jury that he was entitled to protection against discrimination even if he was in a detoxification center. This instruction was admittedly relevant to Sexton's theory that Gulf discriminated in refusing "to rehire the plaintiff after his rehabilitation." Since the evidence did not merit an instruction on refusing to rehire, the court need not have instructed the jury on this correlative issue.

Fifth, Sexton says the court should have allowed him to call two expert witnesses, Dr. Kevin O'Brien and Robert Walsh, director of an alcoholic treatment program at Faulkner Hospital. Sexton told the court that the witnesses would describe the nature of alcoholism, why it is a handicap, and how he had participated in the Faulkner treatment program. Sexton concedes that he had agreed "to submit the names of any expert witnesses who would testify [by] August 31, 1984." He also recognizes that the scheduling order could be modified only for "good cause" and that the pretrial order (which also required somewhat earlier identification of experts) could be modified only "to prevent manifest injustice." Fed.R.Civ.P. 16 (b), (e). He says that on Jan. 21, 1985, he filed a motion asking for "late identification" of the experts. Sexton argues that, in light of the fact that trial did not take place until July 5, 1985, the trial court should have modified the relevant orders, for Gulf would have had adequate time to depose the experts before the trial. *See National Distillers & Chem. Corp. v. Brad's Machine Prod., Inc.,* 666 F.2d 492, 497 (11th Cir.1982); *Davis v. Duplantis,* 448 F.2d 918, 921 (5th Cir.1971).

The trial court, however, refused to modify the orders. This kind of decision is for the trial courts, not appellate courts, to make. *See Davis,* 448 F.2d at 921 (noting that the trial court's decision whether to exclude a witness "must not be disturbed unless it is demonstrated that [the court] has clearly abused the broad discretion vested in [it] by Rule 16"). We do not find in the documents before us a convincing explanation of why counsel failed to comply with the schedule nor a convincing showing that the experts' inability to testify significantly prejudiced the plaintiff. Under these circumstances, we cannot say that the trial court had to find that exclusion of expert testimony about the nature and treatment of alcoholism worked a "manifest injustice."

The judgment of the district court is *Affirmed.*