USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1803 GERALD POULIN AND BRENDA POULIN, Plaintiffs, Appellants, v. ALEXANDER MACDONALD GREER, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Eugene W. Beaulieu, U.S. Magistrate Judge] ____________________ Before Torruella, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ Paul W. Chaiken, with whom Robert C. Granger, Brent A. Singer, ________________ _________________ _______________ and Rudman & Winchell were on brief for appellants. _________________ Harrison L. Richardson, with whom John B. Lucy and Richardson, _______________________ ____________ ___________ Troubh & Badger were on brief for appellees. _______________ ____________________ March 24, 1994 ____________________ BOWNES, Senior Circuit Judge. This diversity BOWNES, Senior Circuit Judge.  ______________________ action arises out of a motor vehicle accident. In the pre- dawn of a late summer day in Maine, plaintiff-appellant1 Gerald Poulin sustained serious injuries after driving his truck into the flatbed of a tractor-trailer which was blocking the road. Subsequently, Poulin sued the tractor- trailer's driver, Alexander Greer, and its owner, McConnell Transport, Ltd. A jury found defendants not liable on the ground that Greer's negligence was not the proximate cause of Poulin's injuries.2 We affirm. I. I. BACKGROUND BACKGROUND __________ It was a clear, dry morning on September 11, 1990. Sometime before 5:00 a.m., while it was still dark, Greer was travelling south along Route 191 in Maine, hauling a load of baled straw. Having missed his turn-off, Greer attempted to turn around in the driveway of Ray's Country Store which was  ____________________ 1. More precisely, plaintiff-appellants in this action are Poulin, who seeks damages for his personal injuries, and his wife Brenda, who seeks damages for loss of consortium. 2. Although the special interrogatories submitted to the jury instructed the jury to stop answering questions if it found that Greer's negligence was not the proximate cause of Poulin's injuries, the jury ignored this directive and went on to find that Poulin's negligence was the proximate cause of his injuries, and that Poulin's negligence was equal to or greater than Greer's. Under Maine law, the latter finding would have been sufficient to defeat plaintiffs' claim. See ___ Me. Rev. Stat. Ann. tit. 14, 156 (West 1980) ("If such claimant is found by the jury to be equally at fault, the claimant shall not recover."). -2- 2 located off the west side of the road. While Greer was executing this maneuver, the rear wheels of his tractor became stuck in a drainage ditch off the east side of the road. The tractor of Greer's truck had turned around and faced north; the flatbed or trailer portion of the truck sat at a forty-five degree angle across the road, blocking both lanes of traffic. Greer turned on the yellow revolving beacon atop the tractor, as well as its hazard lights. The truck's headlights were on low beam, facing oncoming, i.e., ____ southbound, traffic. Although Greer testified that he had reflective triangles in the truck, he never placed them on the road as a warning to approaching traffic. The trailer had a reflector on both sides of its base and on each back corner. At approximately 4:40 a.m., Horace "Denny" Lyon arrived at the scene. Lyon was travelling north on Route 191 when he saw the yellow revolving beacon of Greer's truck from about 200 yards away. Initially Lyon thought that a "wrecker" was towing a disabled car off the road. He slowed down as he approached. Once Lyon was within seventy-five feet of the truck, he realized that there was a flatbed trailer loaded with straw blocking the road. He pulled into the driveway at Ray's, stopped his vehicle, and spoke briefly -3- 3 with Greer. After promising to call the police, Lyon went on his way. Shortly before 5:00 a.m., another driver encountered the jackknifed truck. Ricky Frye was travelling north on Route 191 when he saw a large black silhouette blocking the road about 100 yards in front of him. Before pulling into the driveway at Ray's, Frye noticed the rear reflectors on Greer's trailer. After getting out of his truck, Frye noticed that the yellow revolving beacon on Greer's truck and its headlights were both on. The crash occurred only minutes after Frye arrived at the scene. Both he and Greer, who were talking to each other outside of Ray's at the time, saw Poulin's car approaching. Unlike Lyon and Frye, Poulin was headed south on Route 191. Although they expected Poulin to see the truck, he apparently did not. Poulin neither swerved nor braked as he plowed head on into the flatbed full of straw. He suffered serious injuries. Plaintiffs commenced this diversity action in United States District Court for the District of Maine. After the jury returned a verdict in defendants' favor, plaintiffs appealed. II. II. DISCUSSION DISCUSSION __________ -4- 4 Plaintiffs seek a new trial on the grounds that: (1) the district court erroneously instructed the jury as to Greer's duties as a truck driver and erred by declining to give a missing witness instruction; (2) the district court abused its discretion by refusing to exclude the testimony of Carol Ricci as a sanction for defendants' alleged discovery violation; and (3) the district court abused its discretion in denying plaintiffs' motion to compel production of a photograph of the accident scene taken one year after the accident by a consultant retained by defendants. 1. The Jury Instructions 1. The Jury Instructions _____________________ Plaintiffs contend that the district court committed reversible error by failing to instruct the jury that, under Maine's comparative negligence statute, "[t]he factfinder must be told [that] . . . it should give consideration to the relative blameworthiness of the causative fault of the claimant and the defendant," and that "[d]eliberate disregard of safety rules must be judged more severely than merely imperfect reaction to a crisis." Wing ____ v. Morse, 300 A.2d 491, 500 (Me. 1973). Because there was _____ evidence that Greer had violated various state and federal safety regulations, plaintiffs claim that the jury could have found that Greer had deliberately disregarded safety rules, and that, therefore, his conduct should have been judged more severely than Poulin's. -5- 5 Plaintiffs also maintain that the court's failure to instruct the jury as to two federal safety regulations was error. Specifically, plaintiffs maintain that the district court should have instructed the jury (1) that Greer could lawfully drive his tractor-trailer only if he was satisfied that he had three emergency reflective triangles with him ready for use, see 49 C.F.R. 392.8, 393.95(f)(2)(i) ___ (1992); and (2) that if Greer's attempt to turn around had caused property damage of any kind, he had a duty to take all necessary precaution to prevent additional accidents at the scene. See 49 C.F.R. 392.40 (1992). ___ Finally, plaintiffs argue that the court's failure to give a missing witness instruction constituted reversible error. The court declined to instruct the jury that it could draw an adverse inference from the fact that Greer did not testify at trial. Greer lived beyond the subpoena power of the court, and chose not to attend the trial. His deposition testimony was entered into evidence. In response, defendants contend that the failure to give plaintiffs' requested instructions was not erroneous, but, in any event, plaintiffs waived their challenges by failing to comply with Fed. R. Civ. P. 51. Before the district court charged the jury, it received proposed instructions from the parties and held a pre-charge conference. At the conference, the court informed -6- 6 the parties which portions of their proposed instructions it would read. Plaintiffs duly stated their objections to the court's omission of various portions of their proposed charge, including those portions at issue on this appeal. After the court instructed the jury, the judge called counsel over to the sidebar and asked: "Okay. First, in addition to any objections previously made, do you have an objection you wish to make as to the general content of the instructions at this time?" Plaintiffs' counsel replied, "No." Rule 51 of the Federal Rules of Civil Procedure provides that, "[n]o party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict. . . ." "We have construed the Rule's requirement that a party must object `before the jury retires to consider its verdict' to mean that the objection must be made after the instructions are given to the jury." Smith v. Massachusetts _____ _____________ Inst. of Technology, 877 F.2d 1106 (1st Cir.), cert. denied, ____________________ _____ ______ 493 U.S. 965 (1989); see Phav v. Trueblood, Inc., 915 F.2d ___ ____ ________________ 764, 769 (1st Cir. 1990); McGrath v. Spirito, 733 F.2d 967, _______ _______ 968 (1st Cir. 1984). Even if plaintiffs' requested instructions had been proper, counsel's failure to object to their omission after the charge constitutes waiver of the objection. See Smith, 877 F.2d at 1109; Wells Real Estate, ___ _____ ___________________ Inc. v. Greater Lowell Bd. of Realtors, 850 F.2d 803, 809 ____ ________________________________ -7- 7 (1st Cir.) (collecting cases), cert. denied, 488 U.S. 955 _____ ______ (1988). The record here is clear: no objection was made by plaintiffs after the charge. The district court's post- charge indication that the parties' prior objections would be preserved is of no help to plaintiffs. "A trial court's statement after the charge that objections made prior to it will be saved does not absolve an attorney from following the strictures of the rule. Objections cannot be carried forward. The rule is binding on both the court and attorneys and neither can circumvent it." McGrath, 733 F.2d at 969; _______ see Elgabri v. Lekas, 964 F.2d 1255, 1259 (1st Cir. 1992) ___ _______ _____ ("It is the obligation of trial counsel, as well as the trial court, to comply with the strict requirements of the Rule."). Because of plaintiffs' failure to comply with Rule 51, we review the trial court's instructions only for plain error. The "plain error" rule "`should be applied sparingly and only in exceptional cases or under peculiar circumstances to prevent a clear miscarriage of justice.'" Wells Real __________ Estate, 850 F.2d at 809 (quoting Nimrod v. Sylvester, 369 ______ ______ _________ F.2d 870, 873 (1st Cir. 1966)); see Elgabri, 964 F.2d at ___ _______ 1259. Under the "plain error" exception, an erroneous instruction warrants a new trial only where the error "seriously affected the fairness, integrity or public -8- 8 reputation of the judicial proceedings." See Lash v. Cutts, ___ ____ _____ 943 F.2d 147, 152 (1st Cir. 1991); Smith, 877 F.2d at 1110. _____ Our review of the record reveals nothing exceptional about this case. It is evident that no "clear miscarriage of justice" has occurred, and therefore no "plain error" exists.3 2. Refusal to Preclude The Testimony of Carol Ricci 2. Refusal to Preclude The Testimony of Carol Ricci ________________________________________________ Plaintiffs contend that defendants violated their duty to supplement answers to plaintiffs' interrogatories pursuant to Fed. R. Civ. P. 26(e)(2)(B).4 Because of this  ____________________ 3. In fact, we doubt if there was any error at all in the trial court's instructions. In reviewing a court's decision not to give a particular instruction, our duty is to determine whether the instructions as given tend to confuse or mislead the jury with regard to the applicable principles of law. Computer Indentics Corp. v. Southern Pacific Co., _________________________ _____________________ 756 F.2d 200, 205 (1st Cir. 1985). If the judge's instruction properly informs the jury of the applicable law, failure to give the exact instruction requested does not prejudice the objecting party. Service Merchandise Co. v. ________________________ Boyd Corp., 722 F.2d 945, 950 (1st Cir. 1983). In the ___________ present case the district court's instructions clearly and concisely explained the applicable law to the jury, while avoiding the repetitiveness of plaintiffs' proffered charge. Furthermore, we do not believe that the district court abused its discretion in refusing to give a missing witness instruction. See United States v. Arias-Santana, 964 F.2d ___ _____________ _____________ 1262, 1268 (1st Cir. 1992) (refusal to give a "missing witness" instruction reviewed for abuse of discretion). 4. The applicable version of Fed. R. Civ. P. 26(e), in effect prior to December 1, 1993, provides in pertinent part: A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired, except . . . (2) A party is under a duty to seasonably amend a prior response if the -9- 9 alleged violation, plaintiffs maintain that the district court should have sanctioned defendant by excluding the testimony of Carol Ricci, and that the court abused its discretion by not doing so. During discovery, defendants were asked to provide plaintiffs with the name of every witness known to them who could provide information about the accident. Defendants were also asked whether each witness named "gave any statement or account, either oral or in writing, of his or her knowledge of the alleged occurrence." If a witness had made any such statement, plaintiffs asked the defendants to supply the substance of the same. Plaintiffs also asked defendants whether they, or any of their agents, had received any oral or written statements from anyone who had knowledge or information with respect to the accident, and if so, defendants were asked to supply the name of the person making the statement and its substance. In their answers to both lines of inquiry, dated August 1992, defendants named only Greer and Frye. It is undisputed that at the time defendants responded their answers were complete.  ____________________ party obtains information upon the basis of which . . . (B) the party knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment. -10- 10 In November 1992, after speaking with Ray Ketchen, the owner of Ray's Country Store, defendants learned that Lyon might have some information about the accident. Carol Ricci, a paralegal, contacted Lyon by telephone and spoke briefly with him. According to Ricci's notes, Lyon stated "that [the] truck was easy to see" because of its "light on top" and "running lights," and that "I seen it real easy when I came up to it in [the] road." Defendants did not supplement their answers to plaintiffs' interrogatories to include Lyon and his statement. It is unclear whether plaintiffs had spoken with Lyon prior to his conversation with Ricci. Shortly thereafter, however, Lyon was interviewed by plaintiffs and informed them he had spoken with Ricci. Defendants quickly learned that Lyon told plaintiffs that he had spoken with Ricci. By the time the trial commenced in May 1993, plaintiffs' counsel had met with and interviewed Lyon on at least three separate occasions. At trial, Lyon testified that, although he saw the yellow revolving beacon from a distance, the trailer of the truck, which was blocking the road, was not easy to see. In fact, Lyon testified that he did not see the truck until he was right on top of it.5 On cross-examination, Lyon denied that he told Ricci that the truck was "easy to see."  ____________________ 5. On cross-examination Lyon explained that this meant approximately seventy-five feet away. -11- 11 Defendants sought to have Ricci testify as a "rebuttal" witness. Plaintiffs objected to Ricci testifying because she was not listed on defendants' pre-trial witness list, and because defendants had violated their duty under Rule 26(e)(2)(B) to supplement their answers to interrogatories. The court rejected plaintiffs' arguments, and allowed Ricci to testify. Defendants argue that their failure to supplement was not a violation of Rule 26(e)(2)(B) because there was no "knowing concealment" on their part. They knew that plaintiffs had spoken with Lyon, and that plaintiffs had ascertained that Lyon had spoken to Ricci. Defendants, therefore, assumed that Lyon communicated to plaintiffs the same thing that he told Ricci. Under these circumstances defendants maintain that there was no "knowing concealment." In reviewing a trial court's ruling on whether a discovery-related rule was violated, the abuse of discretion standard controls. See Thibeault v. Square D. Co., 960 F.2d ___ _________ _____________ 239, 243 (1st Cir. 1992); In re San Juan Dupont Hotel Fire __________________________________ Litigation, 859 F.2d 1007, 1019 (1st Cir. 1988). "The __________ knowing-concealment clause does not require fraudulent intent; rather it is designed to protect a party who reasonably believes `that the change that has made [an] answer no longer accurate is known to [the party's] opponent or that it is a matter of no importance.'" Fusco v. General _____ _______ -12- 12 Motors Corp., Nos. 92-2473 and 93-1801, slip op. at 16 n.6 _____________ (1st Cir. Dec. 6, 1993) (quoting Fortino v. Quasar Co., 950 _______ ___________ F.2d 389, 396 (7th Cir. 1991)). Moreover, "[w]e have read Rule 26(e) generously, in light of its dual purposes, the `narrowing of issues and elimination of surprise.'" Id. ___ (quoting Johnson v. H.K. Webster, Inc., 775 F.2d 1, 7 (1st _______ ___________________ Cir. 1985)). Viewing defendants' actions in the context in which they arose, we do not believe that the district court abused its discretion by not finding a Rule 26 violation. The court accepted defendants' contention that they were surprised by Lyon's trial testimony, and that they reasonably thought plaintiffs knew about the change which rendered their interrogatory answers inaccurate. The record supports defendants' contention that the concealment in this case was not "knowing." Assuming, arguendo, that defendants' failure to ________ supplement did constitute a discovery rule violation, we still do not think that the district court's refusal to preclude Ricci's testimony warrants a new trial. Although plaintiffs argue that a trial court may preclude testimony as ___ a sanction, they fail to explain why preclusion was a ___ necessary sanction in this case. Plaintiffs argue only that __ ____ ____ the district court should have precluded Ricci's testimony because Lyon was a "key witness." A trial court's choice of -13- 13 sanction for such a discovery violation is reviewed for abuse of discretion. See Prentiss & Carlisle v. Koehring-Waterous, ___ ___________________ _________________ 972 F.2d 6, 9 (1st Cir. 1992); Jackson v. Harvard Univ., 900 _______ _____________ F.2d 464, 469 (1st Cir.), cert. denied, 498 U.S. 848 (1990). _____ ______ This standard of review presupposes that the district court possesses a wide latitude in formulating the appropriate sanction, if any, for a discovery violation. See Jackson, ___ _______ 900 F.2d at 469 ("appellate inquiry is limited to whether the trial court's chosen course of action came `safely within the universe of suitable' alternatives" (quoting Fashion House, _______________ Inc. v. K Mart Corp., 892 F.2d 1076, 1082 (1st Cir. 1989))). ____ ____________ A district court confronted with a violation of Rule 26(e) may choose from a variety of sanctions. See ___ Thibeault, 960 F.2d at 245. Although preclusion is one of _________ the sanctions available, the court is empowered to take whatever action it deems appropriate after considering all of the circumstances surrounding the violation. Id. The ___ presence of surprise and prejudice play a central role in our review of a district court's decision to preclude or not to preclude testimony. Id. ___ Although plaintiffs might have been surprised upon learning of the content of Lyon's statement to Ricci, it is difficult to discern any prejudice arising from defendants' belated disclosure of the same. Lyon's testimony was important to plaintiffs' case because of the time at which he -14- 14 saw Greer's truck, not because he was unable to see the trailer clearly from a distance. Plaintiffs' position throughout the trial was that, although Greer's truck had been disabled for approximately twenty minutes prior to the accident, he never placed his reflective triangles along the highway to alert oncoming vehicles of potential danger. Lyon was the only witness who could place Greer's truck at the scene twenty minutes prior to the crash. In fact, plaintiffs' counsel, in arguing for the preclusion of Ricci's testimony, stated that, "[w]hat's important with Mr. Lyon is the time, not whether he could see the trailer." Furthermore, Lyon was travelling north on Route 191, whereas Poulin was travelling south. Therefore, Lyon's testimony on the issue of the trailer's visibility was of limited probative value. In fact, the issue of the truck's visibility from the standpoint of a southbound driver was the subject of extensive expert testimony offered by both sides. Finally, plaintiffs never requested a recess prior to Ricci's testimony in order to counter its alleged force. See Smith, ___ _____ 877 F.2d at 1111 ("`Courts have looked with disfavor upon parties who claim surprise and prejudice but who do not ask for a recess so that they may attempt to counter the opponent testimony.'" (quoting Johnson, 775 F.2d at 7)). _______ Thus, even if defendants did commit a discovery violation, the district court could reasonably determine that -15- 15 plaintiffs did not suffer any prejudice, and, given defendants' plausible explanation for their failure to supplement, that any violation was not willful. The district court did not, therefore, abuse its discretion when it declined to sanction any discovery violation and allowed Ricci's testimony. See, e.g., Prentiss & Carlisle, 972 F.2d ___ ____ ___________________ at 9 (absent prejudice to plaintiff district court did not abuse its discretion by refusing to preclude testimony); Jackson, 950 F.2d at 469 (preclusion is a grave step, and _______ "`by no means an automatic response . . . where failure to make discovery [is] not willful'" (quoting Freeman v. Package _______ _______ Machinery Co., 865 F.2d 1331, 1341 (1st Cir. 1988))). _____________ -16- 16 3. Production of the Photographs 3. Production of the Photographs _____________________________ In the course of discovery, plaintiffs moved to compel the production of photographs depicting a recreation of the accident scene taken exactly one year after the crash by a transportation consultant named Murray Segal. The district court denied the motion, and found, inter alia: _____ ____ 1. Murray D. Segal is a transportation consultant hired by Defendants' insurer in anticipation of this litigation; 2. Murray D. Segal is not expected to be called as a witness at trial; 3. The photographs Plaintiffs seek to have produced were taken by Murray D. Segal. They depict the actual truck and load involved in the accident which is the subject of this action. However, they were taken one year after the accident. They are not irreplaceable photographs of the actual scene of the accident; 4. Plaintiffs have not shown that they could not have substantially duplicated the photographs themselves using a similar truck and load, nor have they shown any attempt to recreate the accident scene using the truck and load which were involved in the accident at any time during the pendency of this litigation; In addition to denying plaintiffs' motion, the court prohibited defendants from introducing any evidence or testimony related to the photographs. Rule 26(b)(3) of the Federal Rules of Civil Procedure provides in relevant part that, -17- 17 a party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party['s attorney] . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Fed. R. Civ. P. 26(b)(3). On appeal plaintiffs concede that the photographs constitute work product, but maintain that they demonstrated the requisite substantial need and inability to obtain substantially equivalent photographs. District courts have broad discretionary powers to manage cases and, concomitantly, to manage pretrial discovery. See Maynard v. CIA, 986 F.2d 547, 567 (1st Cir ___ _______ ___ 1993); see also Thibeault, 960 F.2d at 242; San Juan Dupont ___ ____ _________ ________________ Hotel Fire Litigation, 859 F.2d at 1019. Appellate ________________________ intervention in such matters is warranted, "`only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.'" Maynard, 986 _______ F.2d at 567 (quoting Mack v. Great Atlantic & Pacific Tea ____ ______________________________ Co., 871 F.2d 179, 186 (1st Cir. 1989)). ___ We see no "manifest injustice" in the district court's order denying plaintiffs' motion to compel production of the Segal photographs. As the court lucidly explained, plaintiffs could have hired a similar truck and conducted a -18- 18 "recreation" comparable to the one commissioned by defendants. Any photographs taken at plaintiffs' staging of the accident scene would have provided satisfactory alternatives to defendants' photographs. But, plaintiffs never sought to obtain such photographs, and it appears that their failure to do so was a result of their own inaction. Finally, we fail to see how plaintiffs were prejudiced by the court's refusal to order production of photographs that it prohibited the defendants from introducing in evidence. Our examination of the pertinent facts reveals no error let alone an abuse of discretion in the district court's order. Affirmed. Affirmed. ________ -19- 19