Testa v. Wal-Mart                          CV-95-212-SD  09/20/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Louis R. Testa

    v.                                              Civil No. 95-212-SD

Wal-Mart Stores, Inc.


O R D E R


    Plaintiff Louis R. Testa moves to compel defendant Wal-Mart Stores, Inc., to permit inspection of defendant's store premises in Hinsdale, New Hampshire.  Defendant objects.

    The genesis of this diversity action is a fall allegedly sustained by plaintiff on or about February 2, 1993.  At the time, plaintiff, a Pennsylvania resident, was making a delivery to the defendant's Hinsdale store.  He claims that an accumulation of snow and ice in the receiving area caused him to fall, with resultant injuries.

    The grounds of the instant motion are that plaintiff and his counsel desire to inspect the Hinsdale premises prior to the completion of plaintiff's deposition.  Plaintiff avers that a previously scheduled deposition was necessarily canceled because of the defendant's refusal to permit such inspection.

    Defendant's objection is not to inspection per se, but to

the taking of any photographs by plaintiff or his counsel in the course of such inspection. The argument here made is that, as defendant anticipates supplying plaintiff with all photographs taken contemporaneously with the alleged accident, any photographs now taken are unnecessary, as they would not accurately depict the scene and would, in any event, be inadmissible at trial.

Rule 34, Fed. R. Civ. P., "authorizes the broadest sweep of access, inspection, examination, testing, copying, and photographing of documents or objects in the possession or control of another party." 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2206, at 379 (West 1994) (emphasis added). Read in conjunction with Rule 26, Fed. R. Civ. P., the scope of such discovery "is not limited to matters that would be admissible at the trial." Id.

The mere fact that any photographs will only depict current conditions does not prevent their taking in the course of discovery. Farr v. Delaware, L. & W.R. Co., 7 F.R.D. 494, 495 (S.D.N.Y. 1944). Indeed, it is not unusual for parties to attempt to photographically recreate accident conditions some years after the accident itself. Poulin v. Greer, 18 F.3d 979, 985-86 (1st Cir. 1994).

Accordingly, the court herewith grants that portion of

2

plaintiff's motion which seeks inspection of defendant's Hinsdale premises.  Defendant is directed to permit plaintiff and his counsel to inspect, measure, and/or photograph such premises prior to the taking of plaintiff's deposition.

Plaintiff also seeks an award of reasonable expenses incurred in pursuing the present motion, including attorney fees. Rules 26(g)[1] and 37(a)(4)(A)[2], Fed. R. Civ. P.  From what has been hereinabove written, it is clear that defendant's objection to the motion was neither "substantially justified" nor falls within the ken of "other circumstances which make an award of expenses unjust."  See supra notes 1, 2.  The subject matter of the motion is not complex, and it concerns matters with which defendant's counsel should be readily familiar with the expenditure of limited time at easily available legal research. Nevarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992).

Within ten (10) days of the date of this order, plaintiff's

---

[1]Rule 26(g) refers, inter alia, to execution of objections to discovery, equating an attorney's signature thereto to a certification that the objection is "(2)(A) . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."  Subdivision (3) of Rule 26(g) mandates imposition of "an appropriate sanction" if such certification is made "without substantial justification."

[2]Rule 37(a)(4)(A) mandates a similar sanction on granting of a discovery motion absent a finding that the objection to the motion was "substantially justified or that other circumstances make an award of expenses unjust."

3

counsel shall file with the court the documentation required by Local Rule 39.[3]  Defendant's counsel is to respond within the time limitation of such rule.  See supra note 3.  When these submissions have been received and reviewed, the court will thereafter issue its order on the portion of the instant motion which requests sanctions be imposed.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

September 20, 1995

cc:  McLane, Graf, Raulerson & Middleton
     Ruth A. Shapiro, Esq.

_____

[3]In relevant part, Local Rule 39 requires that an application for attorney fees be "accompanied by the detailed time-sheets of counsel and a brief memo setting forth the method (which must be in accord with the law of the First Circuit) by which the amount of fees was computed, with sufficient citation of authority to permit the reviewing court the opportunity to determine whether such computation is correct.  Within seven (7) days of the filing of such application, the opposing litigant may file with the clerk a memo in opposition to the aforesaid claim."