66 F.3d 306
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dr. Vijai B. PANDEY, Plaintiff, Appellant,
v.
Frank H. FREEDMAN, et al., Defendants, Appellees.
 No. 95-1038.
 United States Court of Appeals, First Circuit.
 Sept. 26, 1995.
 
 Dr. Vijai B. Pandey on brief pro se.
 Donald K. Stern, United States Attorney, and Thomas E. Kanwit, Assistant United States Attorney, on brief for appellees Frank H. Freedman, et al.
 Dianne M. Dillon on brief for appellees William J. Fennell, Esquire and Dusel, Murphy, Fennell, Liquori & Powers.
 Before SELYA, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Vijai B. Pandey, appeals from the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted, among other grounds. The district court granted the federal defendants' motion to dismiss in the following order: "Allowed for all of the reasons set forth in the supporting memorandum of the federal defendants." Having carefully reviewed the complaint, the parties' briefs and the memorandum of the federal defendants in support of their motion to dismiss, we conclude that the district court properly dismissed the complaint in its entirety. We add only the following comments.
 
 
 2
 I. Claims against federal defendants.
 
 A. Heck v. Humphrey
 
 3
 Appellant's complaint is essentially a reiteration of the issues raised in his appeal from his federal conviction and sentence for bank fraud. It contains claims of constitutional violations by probation officers, judges, clerks, prosecutors and other federal actors involved in his conviction and sentencing. Pursuant to Heck v. Humphrey, --- U.S. ----, 114 S.Ct. 2364 (1994), Pandey "cannot establish the elements of a Bivens action until his conviction has been declared invalid or otherwise impugned...." Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir.1994); see also Tavarez v. Reno, 54 F.3d 109 (2d Cir.1995). We affirmed Pandey's conviction and sentence in United States v. Pandey, No. 91-2219, 1992 WL 348046 (1st Cir. Nov. 23, 1992). Accordingly, the district court did not err in dismissing those claims against the federal defendants that call into question the validity of Pandey's conviction and sentence.
 
 B. Eighth Amendment Claims
 
 4
 Pandey's complaint includes claims that the conditions in which he was kept by prison officials during the three weeks between his sentence and his arrival at a medical facility constituted cruel and unusual punishment in violation of the Eighth Amendment. Although not barred by Heck, Pandey's Eighth Amendment claims were properly dismissed for failure to state a claim.
 
 
 5
 This court's review of a dismissal under Fed.R.Civ.P. 12(b)(6) is plenary. See, e.g., Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir.1991). The question is whether, accepting the factual allegations in the complaint as true, and construing them in the light most favorable to Pandey, the complaint indicates any facts which could entitle him to relief. See Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988). Because it was filed pro se, Pandey's complaint is entitled to an extra degree of solicitude. See Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991).
 
 
 6
 "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " Farmer v. Brennan, --- U.S. ----, 114 S.Ct. 1970, 1976 (1994) (citation omitted). There are two prerequisites to an Eighth Amendment violation by a prison official:
 
 
 7
 First, the deprivation alleged must be, objectively, "sufficiently serious;" a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities,"....
 
 
 8
 The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." ... In prison conditions cases [the prison official's state of mind] must be one of "deliberate indifference" to inmate health or safety.
 
 
 9
 Id. at 1977. The requirement of "deliberate indifference" has a subjective component: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.
 
 
 10
 Pandey's allegations concerning the size and condition of the cells in which he was kept, the denial of lunch during an eight-hour trip and of baby oil, soap and other comforts while incarcerated, as well as the delay in placing him in a medical facility, even if accepted as true, fail to meet the first requirement of "sufficiently serious" deprivations. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.") The district court sentenced Pandey to a medical facility so that he could receive treatment for chronic fatigue. The complaint does not allege that delay in treatment of that condition presented a serious health risk to Pandey.
 
 
 11
 While the denial of prescribed medicine (for diabetes and high blood pressure) could constitute a sufficiently serious harm, the complaint fails to allege facts which would support a finding of "deliberate indifference." "When, as here, a convict claims that state prison officials violated the Eighth Amendment by withholding essential health care, he must prove that the defendants' actions amounted to 'deliberate indifference to a serious medical need.' " DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir.1991).
 
 
 12
 Pandey failed to allege facts showing that the defendants themselves (the prison wardens) knew of an excessive risk to his health or safety if the proper medicine was not promptly supplied. The complaint states that on three occasions Pandey wrote to one of the warden defendants. The first communication allegedly "detail[ed] his debilitating medical condition" and need for medical attention. The next day he was allegedly seen by two physician's assistants. The second communication is merely alleged to have requested the warden's personal assistance in obtaining proper medical care.
 
 
 13
 Finally, Pandey alleges that he wrote to the warden on December 8, 1991, indicating that his medication was about to run out. On December 12, 1991, a physician's assistant provided him with medicine for the diabetes and high blood pressure from which he allegedly suffered. The complaint's allegations that Pandey was provided with the wrong medicine in an untimely manner, at most state a claim of negligence, but not of "deliberate indifference." Pandey did not allege that he informed the warden that he would experience a serious medical reaction if he did not immediately receive the proper medicine. (Nor did he allege that such a reaction resulted from the failure to timely provide the proper medicine.) Therefore, the pleadings fail to allege that the defendant warden was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." Farmer, --- U.S. at ----, 114 S.Ct. at 1979.
 
 
 14
 Pandey alleges frequent complaints to physician's assistants and others with whom he had immediate contact at the prison. Supervisors, however, cannot be held liable in a Bivens claim on the sole basis of their supervision of others. Cf. Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir.1989) (liability under Sec. 1983 may not be predicated upon a theory of respondeat superior).
 
 
 15
 Pandey failed to allege that sufficiently serious symptoms resulted from his failure to receive the proper medication, much less that the defendants knew of such symptoms. See Mahan v. Plymouth County House of Corrections, No. 94-1835, slip op. at 9-10 (1st Cir., Sept. 7, 1995) (holding that prison officials were not "deliberately indifferent" if they did not learn of "the serious symptoms that [plaintiff] actually experienced while detained" as a result of the withholding of prescribed medication). Therefore, the complaint failed to state a claim of Eighth Amendment violations by the wardens or other prison officials named as defendants.
 
 II. Non-federal Defendants
 
 16
 A. Dismissal of Claims against Attorney Fennel and Law Firm.
 
 
 17
 The district court granted motions to dismiss by William Fennel, Pandey's court appointed attorney in his criminal case, and by Fennel's law firm. "A private attorney who is sued for actions allegedly taken as court-appointed counsel does not act under color of state law [for purposes of Sec. 1983]." Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir.), cert. denied, 479 U.S. 828 (1986). Similarly, a federal court-appointed attorney is also shielded from claims of constitutional violations "since a Bivens-type suit requires federal action in the same manner as Sec. 1983 requires state action." Housand v. Heiman, 594 F.2d 923, 924 n. 1 (2d Cir.1979). Pandey's wholly conclusory allegations of conspiracy between Fennell and the United States Attorney are not sufficient to convert the private attorney's actions into federal action for purposes of the Bivens claims. See Page v. Sharpe, 487 F.2d 567, 570 (1st Cir.1973).
 
 
 18
 With respect to the state-based claims of attorney malpractice and negligence, they are essentially repetitions of the issues raised in Pandey's motion in the district court to have his attorney Fennell removed from representing him in the criminal case. They were specifically determined by the district court, and affirmed by this court, in the antecedent criminal case. Therefore, collateral estoppel precludes Pandey from again raising the issue of the adequacy of Fennell's representation in this civil case. "The principle that collateral estoppel precludes raising issues in a civil case already decided in a prior criminal trial has been long established." Glantz v. United States, 837 F.2d 23, 25 (1st Cir.1988) (citations omitted). Accordingly, the district court did not err in allowing Fennell's motion to dismiss.
 
 
 19
 The claim against Fennell's law firm was also properly dismissed. Although named as a defendant in the caption, the law firm is not mentioned in the body of the complaint. Therefore, the district court did not err in ruling that Pandey had failed to state a claim against the law firm.
 
 
 20
 On appeal, Pandey claims that the district court erred in denying his motions for default judgments against Fennell and his law firm for failure to timely file an answer. Fed.R.Civ.P. 6(b)(2) provides that "upon motion made after the expiration of [a] specified [time] period, [the court for cause shown may at any time in its discretion] permit the act to be done where the failure to act was the result of excusable neglect ... " The reason given by the defendant lawyer and law firm for moving for an extension was the voluminous length and scope of the complaint. "The district court is afforded great leeway in granting or refusing enlargements ... and its decisions are reviewable only for abuse of that discretion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583-84 (1st Cir.1994). Given the length and scope of the complaint, the district court did not abuse its discretion in ruling that the failure to timely file a response was "excusable neglect."
 
 
 21
 B. Denial of Motion for Default Judgment against Robert E. Kenney.
 
 
 22
 Pandey appeals from the district court's denial of his motion for a default judgment against Robert E. Kenney, the attorney who briefly represented him on appeal before Pandey obtained his dismissal. The district court denied the motion for the reason that no proper service of the defendant had been made.
 
 
 23
 Fed.R.Civ.P. 4(c)(2) provides, in relevant part, that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." The summons indicates that service upon Kenney was effected by appellant's daughter Pramila. Count LXXVII of the complaint includes a claim of loss of consortium by Pramila. Therefore, she is a party to the case. See Poulin v. Greer, 18 F.3d 979, 980 n. 1 (1st Cir.1994). Service upon Kenney was not effected and the district court did not err in denying Pandey's motion for a default judgment.
 
 
 24
 For the foregoing reasons, in addition to the reasons given by the district court, the dismissal of appellant's complaint is summarily affirmed. See Loc. R. 27.1.