**Gregory MOORE, Plaintiff, Appellant,**

v.

**Paul MURPHY, Defendant, Appellee.**

No. 94–1974.

United States Court of Appeals,
First Circuit.

Heard Jan. 12, 1995.

Decided Feb. 1, 1995.

---

6. Although the traditional factors are somewhat dwarfed in this case by the alleged core Rule 11 violations, they nevertheless remain relevant to our totality of the circumstances analysis.

Jennifer Petersen, with whom Andrew Stockwell–Alpert, Boston, MA, and Joanne S. Forkner, Milton, MA, were on brief, for appellant.

Howard Friedman and Sarah Wunsch, Boston, MA, on brief for Civil Liberties Union of Mass., amicus curiae.

Thomas C. Tretter, Asst. Corp. Counsel, City of Boston, with whom Albert W. Wallis, Corp. Counsel, Boston, MA, was on brief, for appellee.

Before SELYA, CYR and BOUDIN, Circuit Judges.

SELYA, Circuit Judge.

Appellant seeks to have us prescribe a remedy, yet denies us access to any authoritative information about the etiology of the patient's condition. Consequently, we cannot dispense the requested relief and, therefore, decline to disturb the district court's treatment of the case.

I

During the evening of February 8, 1991, defendant-appellee Paul Murphy and his partner, Andrew Garvey, were working as

undercover police detectives. They observed plaintiff-appellant Gregory Moore on the street near 2 Waverly Street, in the Roxbury section of Boston, Massachusetts. Believing Moore to be engaged in a narcotics transaction, the officers approached him. Violence erupted. Moore sustained injuries.[1]

In due course, Moore sued the officers in federal district court for, *inter alia*, federal civil rights violations, 42 U.S.C. § 1983 (count 1), state civil rights violations, Mass. Gen.L. ch. 12, § 11I (MCRA) (count 2), and common law assault and battery (count 3). These three counts were tried to a jury. At the close of the evidence, the court instructed on the law and gave the jurors a verdict form (the Form) soliciting special findings. *See* Fed.R.Civ.P. 49(a). When the jury finished its deliberations, it tendered the completed Form to the court.[2] On the Form, the jury found for both defendants on the section 1983 claim; found that Murphy, not Garvey, had violated the MCRA, but that, in all events, no "harm" was "proximately caused" by Murphy's transgression; and found for both defendants on the common law claim. A few days later the district court entered judgment in favor of both defendants on all three counts.

Moore moved for a new trial, Fed.R.Civ.P. 59(a), and to alter or amend the judgment, Fed.R.Civ.P. 59(e). The district court denied the motions. This appeal followed.

## II

On appeal, Moore does not contest the jury's findings. Instead, he argues that, *given those findings*, the district court had an obligation to enter judgment in his favor, against Murphy, on count 2 of the complaint (for nominal damages). This argument depends on a synthesis of federal and state law, leading Moore to conclude that, once the jury found that Murphy violated the MCRA,

Moore's entitlement to a favorable judgment vested, and the jury's subsequent finding— that the violation caused no harm—was relevant only to damages. Moore's argument in support of this thesis is intellectually interesting, but eludes meaningful appellate review. Hence, we cannot honor it.

■ The mission of the appellate judiciary is neither to mull theoretical abstractions nor to practice clairvoyance. Rather, appellate judges fulfill their review function by matching applicable principles of law to the discerned facts and circumstances of litigated cases. Where, as here, a party seeking appellate review fails to furnish the basic tools that the court needs to carry out its task, that party loses by default. In the succeeding sections, we expound upon this doctrine and demonstrate its applicability here.

### A

■ Fed.R.App.P. 10(b)(1) directs parties seeking judicial review to procure and file "a transcript of such parts of the proceedings [below] not already on file" as is necessary to enable the court of appeals to place the parties' contentions into perspective.[3] This rule imposes a duty upon an appellant "to print all of the evidence, good and bad, material to the point he wishes to raise." *Chernack v. Radlo*, 331 F.2d 170, 171 (1st Cir.1964). Should an appellant spurn this duty and drape an incomplete record around the court's neck, the court in its discretion either may scrutinize the merits of the case insofar as the record permits, or may dismiss the appeal if the absence of a full transcript thwarts intelligent review. *See* Fed. R.App.P. 3(a); *United States v. One Motor Yacht Named Mercury*, 527 F.2d 1112, 1113 (1st Cir.1975). In this vein, we have held with a regularity bordering on the monotonous that, should the record provided on appeal prove to be so deficient as to preclude

1. The parties offer markedly different versions of the critical events. Moore claims that Murphy placed him in a chokehold, from behind, without warning or cause. The officers claim that Moore, fearing arrest, attempted to swallow several packets of crack cocaine, and that a struggle ensued when they tried to prevent him from doing so.

2. We reproduce the Form as Appendix A.

3. Rule 10 also describes alternate devices that may from time to time obviate the need for a trial transcript. *See, e.g.,* Fed.R.App.P. 10(d) (permitting use of an agreed statement of the record on appeal). Appellant did not employ any such surrogate here.

us from reaching a reasoned determination on the merits, "it is the appellant who must bear the brunt of an insufficient record on appeal." *Real v. Hogan*, 828 F.2d 58, 60 (1st Cir.1987); *accord Jardines Bacata, Ltd. v. Diaz–Marquez*, 878 F.2d 1555, 1559 n. 5 (1st Cir.1989); *Valedon Martinez v. Hospital Presbiteriano de la Comunidad, Inc.*, 806 F.2d 1128, 1135 (1st Cir.1986); *One Motor Yacht Named Mercury*, 527 F.2d at 1113.

### B

■ In prosecuting the instant appeal, Moore created just such a problem: he failed to provide this court with any part of the trial transcript. In the particular circumstances of this case, his omission leaves us no choice but to jettison his appeal. We explain briefly.

Moore's appeal depends on the viability of his contention that causation is not an element of liability under the MCRA. However, the Form strongly suggests that the trial court told the jury the opposite; after all, the Form directed the jurors, if they answered either part of Question # 3 affirmatively (that is, if they found that one or both of the defendants "violate[d] Gregory Moore's state constitutional rights by threat, intimidation or coercion"), to "proceed to Question # 4" (the inquiry into causation), and further directed the jurors to proceed to Question # 9 (the inquiry into damages) only upon an affirmative answer to Questions # 2, # 4, # 6, or # 8 (not upon an affirmative answer to Question # 3). *See infra* Appendix A. The judge's entry of a judgment in Murphy's favor on count 2 suggests the same perceived linkage between a MCRA violation and some ensuing harm. Even if this insistence on proof of a causal connection were error in the abstract—a matter on which we do not opine—it would be reversible error only if properly preserved. And there is simply no way, without a more complete record, that we can make such a determination.

Murphy asserts—and, in the absence of a full record, we take as true—that appellant did not make timely, appropriately specific

objections to the district court's jury instructions or to the court's promulgation of the Form. These are important points, not mere technicalities.

■ The Civil Rules declare that parties must object to the court's charge at a particular time and with reasonable specificity. *See* Fed.R.Civ.P. 51. The failure to object to the instructions at the time, and in the manner, designated by Rule 51 is treated as a procedural default, with the result that the jury instructions, even if erroneous, become the law of that particular case. *See La Amiga del Pueblo, Inc. v. Robles*, 937 F.2d 689, 690–91 (1st Cir.1991); *Milone v. Moceri Family, Inc.*, 847 F.2d 35, 38–39 (1st Cir. 1988); *Murphy v. Dyer*, 409 F.2d 747, 748 (10th Cir.1969). Federal court practice imposes the same duty of diligence in regard to special verdict forms. "Silence after instructions, including instructions on the form of the verdict to be returned by the jury, typically constitutes a waiver of any objections." *Putnam Resources v. Pateman*, 958 F.2d 448, 456 (1st Cir.1992) (collecting cases).

■ To be sure, an appellate court may review an unpreserved error if the error is "plain." *See, e.g., Poulin v. Greer*, 18 F.3d 979, 982 (1st Cir.1994). However, this doctrine is reserved for use in only the most egregious circumstances. *See id.* Normally, the appellant must show that the alleged error seriously affected the fairness or integrity of the trial. *See Toscano v. Chandris, S.A.*, 934 F.2d 383, 385 (1st Cir.1991); *United States v. Griffin*, 818 F.2d 97, 100 (1st Cir.), *cert. denied*, 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987).

■ The mistake that Moore attributes to the lower court in this case cannot by any stretch of the most vivid imagination vault the plain error hurdle.[4] Given the unchallenged jury verdicts on counts 1 and 3, and the findings that underpin those verdicts, we see no manifest injustice in the district court's entry of judgment against the plaintiff on count 2.

---

4. Indeed, to the extent that Moore relies upon the plain error doctrine to extricate himself from his self-dug hole, he is at a decided disadvantage;

lacking a trial transcript, an appellate court is unlikely to be able to determine the egregiousness of many types of errors. So it is here.

## III

We need go no further.[5] It is apparent that we cannot intelligently determine the merits of this appeal without a trial transcript. Since appellant bears the responsibility for this omission, he must bear the resultant onus. *Cf.* Hosea 8:7 (explaining that those who "sow the wind ... shall reap the whirlwind"). The judgment below is, therefore,

*Affirmed.*

## APPENDIX A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY MOORE, <br>     Plaintiff, <br><br>     v. <br><br> CITY OF BOSTON, et.al., <br>     Defendants. | CIVIL ACTION <br> NO. 91-12539-NMG |

### JURY VERDICT FORM

1.  Did either of the defendants intentionally or recklessly violate the federal civil rights of plaintiff, Gregory Moore, by using unreasonable force during his arrest on February 8, 1991?

    a) Officer Paul Murphy     YES _____    NO _8__

    b) Officer Andrew Garvey    YES _____    NO _8__

    [If your answer to either part of Question #1 is YES, please proceed to Question #2. If your answer to both parts of Question #1 is NO, please proceed to Question # 3]

2.  Was the action of either of the defendants the proximate cause of harm to the plaintiff?

    a) Officer Paul Murphy     YES _____    NO _____

    b) Officer Andrew Garvey    YES _____    NO _____

3.  Did either of the defendants violate Gregory Moore's state constitutional rights by threat, intimidation or coercion?

    a) Officer Paul Murphy     YES _8__    NO _____

    b) Officer Andrew Garvey    YES _____    NO _8__

    [If your answer to either part of Question #3 is YES, please proceed to Question #4. If your answer to both parts of Question #3 is NO, please proceed to Question # 5]

---

5. Murphy argues, *inter alia,* that, causation aside, the jury's answers on the Form established only a putative violation of plaintiff's rights, not an interference with some right to which the MCRA pertains. We need not reach this somewhat convoluted argument, and, accordingly, we take no view of it.

4. Was the violation of state constitutional rights, if any, a proximate cause of harm to Gregory Moore?

a) Officer Paul Murphy    YES _____ NO __✓__

b) Officer Andrew Garvey   YES _____ NO __✓__

5. Did either of the defendants assault Gregory Moore?

a) Officer Paul Murphy    YES _____ NO __✓__

b) Officer Andrew Garvey   YES _____ NO __✓__

[If your answer to either part of Question #5 is YES, please proceed to Question #6. If your answer to both parts of Question #5 is NO, please proceed to Question #6]

6. Was the assault, if any, a proximate cause of harm to Gregory Moore?

a) Officer Paul Murphy    YES _____ NO _____

b) Officer Andrew Garvey   YES _____ NO _____

7. Did either of the defendants commit a battery on Gregory Moore?

a) Officer Paul Murphy    YES _____ NO __✓__

b) Officer Andrew Garvey   YES _____ NO __✓__

[If your answer to either part of Question #7 is YES, please proceed to Question #8. If your answer to both parts of Question #7 is NO, please proceed to Question #9]

8. Was the battery, if any, a proximate cause of harm to Gregory Moore?

a) Officer Paul Murphy    YES _____ NO _____

b) Officer Andrew Garvey   YES _____ NO _____

[If you answered "YES" to either part of Questions #2, 4, 6 or 8, please proceed to Question #9. If not, your deliberations are complete.]

9. What amount of money, if any, fairly and adequately compensates the plaintiff, Gregory Moore, for his damages?

$ _____
[please write out in numbers]

_____ Dollars
[please write out in words]

10. Was the conduct of either of the defendants malicious, wanton or oppressive and was this conduct, if any, the proximate cause of harm to Gregory Moore?

a) Officer Paul Murphy     YES _____  NO _____

b) Officer Andrew Garvey   YES _____  NO _____

[If your answer to Question # 10 is YES, please proceed to Question #11.  If you answer to Question #10 is NO, your deliberations are complete.]

11. What amount of money, if any, do you award plaintiff, for punitive damages?

$ _____
[please write out in numbers]

_____ Dollars
[please write out in words]

Your deliberations are complete.

Foreperson

DATE: _7·14·94_