[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-2268

JEFFREY S. ANOLIK,

Plaintiff, Appellant,

v.

RICHARD HOWLAND, ESQ.,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Cyr, Senior Circuit Judge, 
and Lynch, Circuit Judge. 



Jeffrey S. Anolik on brief pro se. 
Charles K. Bergin, Jr. and Robinson Donovan Madden & Barry, P.C. 
on brief for appellee.



May 29, 1997


Per Curiam. We have reviewed the briefs of the parties 

and the record on appeal.1 Because, as the district court 1

concluded, plaintiff cannot reject the settlement and retain

the settlement proceeds and because the court clearly was

justified in granting the motion to enforce the settlement

agreement and dismissing plaintiff's action when plaintiff

failed to submit an affidavit setting forth his position

regarding the return of the settlement proceeds, we affirm

essentially for the reasons stated by the district court in

its order dated September 17, 1996.2 2

Affirmed. Loc. R. 27.1. 

 

1Plaintiff failed to obtain and provide a transcript of 1
the hearing on the motion to enforce the settlement. Any
adverse consequences rightly fall on the plaintiff. See 
Moore v. Murphy, 47 F.3d 8, 10-11 (1st Cir. 1995). 

2We are aware that plaintiff filed an affidavit after the 2
district court's judgment in this case. It was clearly out-
of-time as it was not even mailed before its due date of
September 13. In any event, that affidavit was inadequate
as, even accepting as true plaintiff's contention of a
current inability to return the proceeds, it expressed no
intent or willingness to do so at any time.

-2-