USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2268 JEFFREY S. ANOLIK, Plaintiff, Appellant, v. RICHARD HOWLAND, ESQ., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael A. Ponsor, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Jeffrey S. Anolik on brief pro se. _________________ Charles K. Bergin, Jr. and Robinson Donovan Madden & Barry, P.C. ______________________ _______________________________________ on brief for appellee. ____________________ May 29, 1997 ____________________ Per Curiam. We have reviewed the briefs of the parties ___________ and the record on appeal.1 Because, as the district court 1 concluded, plaintiff cannot reject the settlement and retain the settlement proceeds and because the court clearly was justified in granting the motion to enforce the settlement agreement and dismissing plaintiff's action when plaintiff failed to submit an affidavit setting forth his position regarding the return of the settlement proceeds, we affirm essentially for the reasons stated by the district court in its order dated September 17, 1996.2 2 Affirmed. Loc. R. 27.1. _________  ____________________ 1Plaintiff failed to obtain and provide a transcript of 1 the hearing on the motion to enforce the settlement. Any adverse consequences rightly fall on the plaintiff. See ___ Moore v. Murphy, 47 F.3d 8, 10-11 (1st Cir. 1995). _____ ______ 2We are aware that plaintiff filed an affidavit after the 2 district court's judgment in this case. It was clearly out- of-time as it was not even mailed before its due date of September 13. In any event, that affidavit was inadequate as, even accepting as true plaintiff's contention of a current inability to return the proceeds, it expressed no intent or willingness to do so at any time. -2-