[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 97-1564

PRODUCTORA DE GAS CARBONORO, S.A.,
Plaintiffs, Appellees,

v.

M/V ALLISON, ET AL.,
Defendants, Appellees.


HANS ISBRANDTSEN,
Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

Before

Boudin, Stahl and Lynch
Circuit Judges.

Hans Isbrandtsen on Memorandum of Law in Support of his Appeal
to Reverse the District's Court's Order of Contempt, pro se.
Jose F. Sarraga and Jorge L. Arroyo on brief for appellees M/V
ALLISON, in rem, her engines, machinery, tackle, apparel, etc., One
(1) Iso-Tank with liquid anhydrous ammonia (NH3) and Six (6) tank
trailers with liquid carbon dioxide (CO2), in rem, TODD'S MARINE,
LTD., ISBRANDSTEN MARINE SERVICES, INC., JOHN DOE INSURANCE, XYZ
INSURANCE COMPANIES and SUE DOE, in personam.

May 26, 1998

Per Curiam. Hans Isbrandtsen was found in contempt
of court and fined $500 for failing to comply with a court
order directing the release of certain cargo from the M/V
Allison. He filed a timely notice of appeal.
The imposition of the $500 fine could not have been
coercive the classic indication of a civil contempt finding
as at that time Isbrandtsen had already complied, if tardily,
and so could not "purge" himself by complying. Rather, the $500
fine, payable to the court, was clearly to punish Isbrandtsen
for his past behavior and to vindicate the court's authority,
the classic indication of a finding of criminal contempt. SeeHicks v. Feiock, 485 U.S. 624, 631-32 (1988) (describing the
critical features of the two types of contempt). Either a
party or a nonparty can immediately appeal a criminal contempt
adjudication imposing sanctions in a pending case. See 15B
Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper,
Federal Practice and Procedure 3917 (2d ed. 1991). We,
therefore, reject the contention of appellee Productora de Gas
Carbonico, S.A. ("GASCARB") that we lack jurisdiction over
Isbrandtsen's appeal because he failed to file a notice of
appeal after the subsequent entry of final judgment disposing
of all the claims against the Allison. Similarly, we reject
GASCARB's contention that the payment of the $500 fine has
mooted this appeal.
Nonetheless, we affirm the finding of contempt. In
the first place, Isbrandtsen's failure to procure a transcript
of the contempt hearing, see Fed. R. App. 10(b) (outlining the
appellant's duty), precludes a reasoned review of that finding. 
See Moore v. Murphy, 47 F.3d 8, 10-11 (1st Cir. 1995). And, in
any event, we conclude that Isbrandtsen's contention that the 
court order was "transparently invalid" is frivolous.
Affirmed.