USCA1 Opinion

 

 
 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit
 

No. 97-1564

 PRODUCTORA DE GAS CARBONORO, S.A.,
 Plaintiffs, Appellees,

 v.

 M/V ALLISON, ET AL.,
 Defendants, Appellees.
 ____________________
 
 HANS ISBRANDTSEN,
 Appellant.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF PUERTO RICO
 
 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]
 

 Before
 
 Boudin, Stahl and Lynch
 Circuit Judges.
 

 Hans Isbrandtsen on Memorandum of Law in Support of his Appeal
to Reverse the District's Court's Order of Contempt, pro se.
 Jose F. Sarraga and Jorge L. Arroyo on brief for appellees M/V
ALLISON, in rem, her engines, machinery, tackle, apparel, etc., One
(1) Iso-Tank with liquid anhydrous ammonia (NH3) and Six (6) tank
trailers with liquid carbon dioxide (CO2), in rem, TODD'S MARINE,
LTD., ISBRANDSTEN MARINE SERVICES, INC., JOHN DOE INSURANCE, XYZ
INSURANCE COMPANIES and SUE DOE, in personam.

May 26, 1998

 Per Curiam. Hans Isbrandtsen was found in contempt
 of court and fined $500 for failing to comply with a court
 order directing the release of certain cargo from the M/V
 Allison. He filed a timely notice of appeal.
 The imposition of the $500 fine could not have been
 coercive the classic indication of a civil contempt finding
 as at that time Isbrandtsen had already complied, if tardily,
 and so could not "purge" himself by complying. Rather, the $500
 fine, payable to the court, was clearly to punish Isbrandtsen
 for his past behavior and to vindicate the court's authority,
 the classic indication of a finding of criminal contempt. SeeHicks v. Feiock, 485 U.S. 624, 631-32 (1988) (describing the
 critical features of the two types of contempt). Either a
 party or a nonparty can immediately appeal a criminal contempt
 adjudication imposing sanctions in a pending case. See 15B
 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper,
 Federal Practice and Procedure 3917 (2d ed. 1991). We,
 therefore, reject the contention of appellee Productora de Gas
 Carbonico, S.A. ("GASCARB") that we lack jurisdiction over
 Isbrandtsen's appeal because he failed to file a notice of
 appeal after the subsequent entry of final judgment disposing
 of all the claims against the Allison. Similarly, we reject
 GASCARB's contention that the payment of the $500 fine has
 mooted this appeal.
 Nonetheless, we affirm the finding of contempt. In
 the first place, Isbrandtsen's failure to procure a transcript
 of the contempt hearing, see Fed. R. App. 10(b) (outlining the
 appellant's duty), precludes a reasoned review of that finding. 
 See Moore v. Murphy, 47 F.3d 8, 10-11 (1st Cir. 1995). And, in
 any event, we conclude that Isbrandtsen's contention that the 
 court order was "transparently invalid" is frivolous.
 Affirmed.