[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit

No. 97-1923

 FRANCIS J. DUGGAN, ET AL.,

 Plaintiffs, Appellees,

 v.

 DREAMWORLD, INC., ET AL.,

 Defendants, Appellees.
 

 ALFRED ALMEDER,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.

 Alfred Almeder on brief pro se.

June 1, 1998

 Per Curiam. Alfred Almeder filed a notice of appeal
seeking review of the district court's denial of his motion to
vacate a default and his motion to reconsider that denial. His
failure to procure a transcript of the hearing held on June 6,
1997, at which, it appears, the district court explained its
reasons for the denial of these two motions, however, precludes
a reasoned review of that determination. See Fed. R. App.
10(b) (outlining the appellant's duty); see also Moore v.
Murphy, 47 F.3d 8, 10-11 (1st Cir. 1995) (reciting the
consequences of appellant's failure to procure a necessary
transcript).
 From aught that appears in the limited record
provided by appellant, we could find no abuse of discretion in
the court's rulings. In particular, Almeder's claim that he
"never received a request to file a response to any
allegations" is simply refuted by the record. The summons,
itself, which Almeder acknowledges that he received, along with
a copy of the complaint, stated that he was
 required to serve upon Plaintiff's
 Attorney [] an answer to the complaint
 which is herewith served upon you, within
 twenty days after service of this summons
 upon you, exclusive of the day of service. 
 If you fail to do so, judgment by default
 will be taken against you for the relief
 demanded in the complaint. You must also
 file your answer with the Clerk of this
 Court within a reasonable period of time
 after service.

 Therefore, we affirm the order of the district court
denying Almeder's motion for reconsideration of the denial of
his motion to vacate the default.
 Affirmed. Loc. R. 27.1.