USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First Circuit  No. 97-1923 FRANCIS J. DUGGAN, ET AL., Plaintiffs, Appellees, v. DREAMWORLD, INC., ET AL., Defendants, Appellees. ____________________  ALFRED ALMEDER,  Defendant, Appellant.  APPEAL FROM THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF MASSACHUSETTS  [Hon. William G. Young, U.S. District Judge]  Before  Torruella, Chief Judge, Selya and Boudin, Circuit Judges.   Alfred Almeder on brief pro se.June 1, 1998   Per Curiam. Alfred Almeder filed a notice of appeal seeking review of the district court's denial of his motion to vacate a default and his motion to reconsider that denial. His failure to procure a transcript of the hearing held on June 6, 1997, at which, it appears, the district court explained its reasons for the denial of these two motions, however, precludes a reasoned review of that determination. See Fed. R. App. 10(b) (outlining the appellant's duty); see also Moore v. Murphy, 47 F.3d 8, 10-11 (1st Cir. 1995) (reciting the consequences of appellant's failure to procure a necessary transcript). From aught that appears in the limited record provided by appellant, we could find no abuse of discretion in the court's rulings. In particular, Almeder's claim that he "never received a request to file a response to any allegations" is simply refuted by the record. The summons, itself, which Almeder acknowledges that he received, along with a copy of the complaint, stated that he was required to serve upon Plaintiff's Attorney [] an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.  Therefore, we affirm the order of the district court denying Almeder's motion for reconsideration of the denial of his motion to vacate the default. Affirmed. Loc. R. 27.1.