<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

     [NOT FOR PUBLICATION   NOT TO BE CITED AS PRECEDENT]
                United States Court of Appeals
                    For the First Circuit

No. 98-1552

                        RAMON A. TANON,

                      Plaintiff, Appellee,

                               v.

                PALADIN PRODUCTS, INC., ET AL.,

                          Defendants,

                      ____________________

                        KENNY O'CONNELL,

                     Defendant, Appellant.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

           [Hon. Justo Arenas, U.S. Magistrate Judge]

                             Before

                   Selya, Boudin and Stahl,
                                
                       Circuit Judges.
                                
                                
                                
    Thomas C. Jennings III for appellant.
    Sigfredo A. Irizarry-Semidei on brief for appellee.

April 29, 1999

 SELYA, Circuit Judge.  This appeal trails in the wake of
a capsized commercial transaction.  In the underlying litigation,
brought pursuant to diversity jurisdiction, 28 U.S.C.  1332(a)
(1994), Ramon A. Ta
n sued Paladin Products, Inc. (Paladin), a
printing equipment vendor, and its principal, appellant Kenny
O'Connell.  In his amended complaint, Ta
n claimed that Paladin,
through O'Connell, convinced him to order $167,500 worth of
equipment, accepted a $75,000 deposit, failed to deliver the goods
within a reasonable time, and reneged on a promise to rescind the
transaction and refund his money.  As to O'Connell, Ta
n claimed
that, as Paladin's president and sole shareholder, he was the
company's alter ego (and, thus, personally answerable for its
dereliction), and that he was guilty of negligent misrepresentation
which proximately caused Ta
n's losses.  Paladin and O'Connell
defended the suit on substantive grounds, and O'Connell also moved
to dismiss for want of in personam jurisdiction.
 The parties consented to trial before a magistrate judge.  
See 28 U.S.C.  636(c); Fed. R. Civ. P. 73(b).  The magistrate
bifurcated the case, severing the claims against the two
defendants.  In the first trial, a jury found Paladin liable for
breach of contract and awarded Ta
n $96,000.  At a hearing on
Paladin's unsuccessful post-trial motion for judgment as a matter
of law, the magistrate addressed O'Connell's pending motion to
dismiss and, although he found that personal jurisdiction existed,
he dismissed Ta
n's claim against O'Connell sua sponte because
Ta
n had not produced evidence sufficient to show that O'Connell
was Paladin's alter ego.  On appeal, we affirmed the judgment
against Paladin, but vacated the judgment in O'Connell's favor on
a purely procedural ground, holding that the magistrate had not
given any forewarning of his intention to exceed the bounds of the
pending motion and reach the issue of O'Connell's substantive
liability.  We concluded that, as a result, "Ta
n was never
afforded an adequate opportunity to put his best foot forward and
muster his evidence on the dispositive point."  Ta
n v. Paladin
Prods., Inc., Nos. 96-2059, 96-2060, slip op. at 7 (1st Cir. Oct.
3, 1997) (unpublished) (Ta
n I).
 The magistrate convened a second trial, limited to
Ta
n's claims against O'Connell.  The jury returned a general
verdict in Ta
n's favor and the court entered judgment for
$96,000.  O'Connell now appeals.  In a brief that charitably can be
called discursive, he makes a plethora of arguments.  They  boil
down to three main points.  We address each in turn.
 1.  O'Connell contends that, under the mandate rule, the
magistrate erred in permitting the issue of negligent
misrepresentation to go to the jury.  In the large, the mandate
rule provides that lower courts must comply with the instructions
of a higher court's remand order.  See Field v. Mans, 157 F.3d 35,
40 (1st Cir. 1998); United States v. Bell, 988 F.2d 247, 251 (1st
Cir. 1993).  This means, of course, that courts ordinarily may not
reopen issues that have been decided or foreclosed by a superior
tribunal.  Along these lines, O'Connell contends that our opinion
in Ta
n I had the effect of limiting the subsequent trial to the
alter ego issue (to the exclusion of the negligence issue).  This
contention is premised upon a gross misreading of our earlier
opinion.
 To be sure, in Ta
n I we referred only to the alter ego
claim   but that was because the magistrate had focused exclusively
on that claim.  Our concern, however, was not with Ta
n's
substantive theories of recovery, but, rather, with whether the sua
sponte dismissal deprived Ta
n of a fair chance to adduce evidence
of O'Connell's liability under any properly pleaded theory.  For
this reason we stressed that our emphasis was "procedural," Ta
n
I, slip op. at 6, and, in remanding, we did not in any way restrain
the lower court from airing any or all of the claims against
O'Connell that Ta
n had raised in his amended complaint, see id.
at 9 (ordering the lower court to conduct "further proceedings
consistent with this opinion").  To be faithful to that mandate,
the magistrate, on remand, had an obligation to afford Ta
n a full
and fair opportunity to prove all the allegations contained in his
amended complaint (including the allegations of negligence).  The
magistrate followed this course precisely.  The assignment of error
therefore fails.
 2.  In a related vein, Ta
n challenges the jury
instructions and the admission of evidence insofar as those rulings
relate to the negligence issue.  For the most part, these
challenges are bound up in O'Connell's claim that the issue of
negligence did not belong in the case.  To that extent, the
challenges lack force.  See supra.
 Although this circumstance does not entirely close the
door, it narrows the aperture considerably.  Fed. R. Civ. P. 51
completes the task.  Rule 51 provides that, as a necessary
predicate for assigning error to a jury instruction, an appellant
must object before the jury retires, state distinctly the matter
objected to, and limn the grounds of the objection.  In this case,
the appellant made only a general objection to the giving of any
negligence instruction.  Under the rule, therefore, the appellant
has forfeited the right to press other or different objections to
the charge.  See Elliott v. S.D. Warren Co., 134 F.3d 1, 5-6 (1st
Cir. 1998); La Amiga del Pueblo, Inc. v. Robles, 937 F.2d 689, 691-
92 (1st Cir. 1991).
 The door still remains slightly ajar.  Even in the
absence of a proper objection, an appellate court may review a jury
instruction for plain error.  See Moore v. Murphy, 47 F.3d 8, 11
(1st Cir. 1995); Toscano v. Chandris, S.A., 934 F.2d 383, 385 (1st
Cir. 1991).  For three reasons, this exception is of no solace to
O'Connell.  First, the plain-error hurdle is high   and it is at
its apex in respect to claims of instructional error in civil
cases.  See Toscano, 934 F.2d at 385; 9A Charles A. Wright & Arthur
R. Miller, Federal Practice and Procedure  2558, at 469 (2d ed.
1995) ("If there is to be a plain error exception to Rule 51 at
all, it should be confined to the exceptional case when the error
seriously has affected the fairness, integrity, or public
reputation of the trial court's proceedings.").  Second, the
verdict against O'Connell seems amply justified, and justice does
not appear to have miscarried.  See Scarfo v. Cabletron Sys., Inc.,
54 F.3d 931, 940 (1st Cir. 1995) (explaining that, to warrant
setting aside a verdict, an appellant normally must show that an
unpreserved instructional error "caused a miscarriage of justice or
. . . undermined the integrity of the judicial process").  Last   
but surely not least   our review of the instructions in this case
reveals nothing that strikes us as error, let alone error
sufficiently egregious to warrant plain-error review.
 3.  The appellant posits that the evidence adduced at
trial is insufficient as a matter of law to sustain the verdict.  
The principal problem with this asseveration is that the appellant
neglected to make a motion for judgment as a matter of law either
at the close of the plaintiff's case in chief, or at the close of
all the evidence.  See Fed. R. Civ. P. 50(a).  He then compounded
his lapse by failing to move for judgment notwithstanding the
verdict. See Fed. R. Civ. P. 50(b).  When a defendant has not made
a timely motion for judgment as a matter of law, the court of
appeals ordinarily will not consider the legal sufficiency of the
evidence.  See Hammond v. T.J. Litle & Co., 82 F.3d 1166, 1171 (1st
Cir. 1996); La Amiga del Pueblo, 937 F.2d at 691; Jusino v. Zayas,
875 F.2d 986, 991 (1st Cir. 1989).
 Of course, in La Amiga del Pueblo we acknowledged that,
even absent such a motion, the court of appeals retains a modicum
of residual discretion to inquire whether the record reflects a
total absence of evidentiary support for the jury's verdict.  See
La Amiga del Pueblo, 937 F.2d at 691.  Here, however, such a
canvass quickly reveals that the evidence is not so lopsided as to
bring this seldom-invoked discretion into play.
 We need go no further.  Concluding, as we do, that
O'Connell's appeal lacks any semblance of merit, we affirm the
judgment below.

Affirmed.  Costs to appellee.

</body>

</html>