[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-2098

CHARLES F. ROGERS,

Plaintiff, Appellant,

v.

NORMAN BOWER, ETC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Selya, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stahl, Circuit Judge.

Charles F. Rogers on brief pro se.
William G. Scott, Marcia S. Kovalik and Boynton, Waldron,
Doleac, Woodman & Scott, P.A. on brief for appellees.

May 13, 1999

Per Curiam. This pro se appeal stems from a civil
rights action. Among other things, plaintiff-appellant Charles
F. Rogers alleged that defendant police officers used excessive
force when arresting him. The case was tried to a jury, and
judgment entered in favor of defendants. We affirm.
Rogers argues that the district court erred in
denying his request for an extension of the deadline for
disclosure of experts and their written reports, and in
subsequently excluding his police-practice expert, George Page,
from testifying at trial. We see no abuse of discretion. Cf.
Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum
Corp., 79 F.3d 182, 203 (1st Cir. 1996) ("A trial court may
'readily exclude a witness or exhibit if some previous order
had set a deadline for identification and the proponent [has],
without adequate excuse, failed to list the witness or
exhibit.'") (citation omitted). Rogers had already received
three extensions of the discovery deadline; he had been warned
that no further extensions would be allowed; the further
extension he sought would have interfered with the trial date
(which had already been extended once); and there was no solid
assurance that he could meet a new deadline. We also think
that it would have been unfair to defendants to permit Page's
testimony at trial where, it appears, they had never been
provided with a written report. 
Rogers also argues that the district court abused its
discretion in refusing to ask any of his proposed jury voir
dire questions, and that the court conducted a one-side inquiry
--
into potential bias regarding government agents. Our review of
this issue is hampered by the absence of a transcript. The
appellant bears the burden of producing "a transcript of such
parts of the proceedings [below] not already on file" as is
necessary to enable this court to place the parties'
contentions into perspective. See Fed. R. App. P. 10(b); Moore
v. Murphy, 47 F.3d 8, 10 (1st Cir. 1995). Where a transcript
has not been produced, this court in its discretion either may
scrutinize the merits of the case insofar as the record
permits, or may dismiss the appeal if the absence of the
transcript thwarts intelligent review. Moore, 47 F.3d at 10. 
We are aware that appellant is proceeding in forma
pauperis, and that he filed a motion for a transcript at
government expense in the district court. See 28 U.S.C. 
753(f). However, the district court denied the motion on the
ground that the appeal fails to present any substantial issues,
and Rogers has failed to appeal that denial or renew his
transcript request in this court. Indigence does not relieve
an appellant of the burden of producing a transcript. See
Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990)
(dismissing issues on appeal for lack of a transcript despite
appellant's indigence). 
In any event, the voir dire issue appears to be
without merit. Although the trial judge arguably was required
to make some inquiry into pro-government bias, he was not
required to use Rogers's specific questions. See United States
v. Victoria-Peguero, 920 F.2d 77, 84 (1st Cir. 1990) (stating
that the trial court should ordinarily make inquiry into
whether prospective jurors would be inclined to place greater
faith in a government agent's testimony but also stating that
the phrasing of the inquiry is up to the judge). The trial
judge's handwritten notations on Rogers's voir dire proposal
indicate that he intended to cover some of the requested
questions (including a question as to whether jurors would give
greater credence to the testimony of a law-enforcement official
than an ordinary person). Finally, defendants argue (and
Rogers does not deny) that Rogers made no objection to the
questions actually posed. Under the circumstances, we must
assume that any claim of error is waived. 
Affirmed.