USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2098

 CHARLES F. ROGERS,

 Plaintiff, Appellant,

 v.

 NORMAN BOWER, ETC., ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Steven J. McAuliffe, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 Charles F. Rogers on brief pro se.
 William G. Scott, Marcia S. Kovalik and Boynton, Waldron,
Doleac, Woodman & Scott, P.A. on brief for appellees.

May 13, 1999

 
 

 Per Curiam. This pro se appeal stems from a civil
 rights action. Among other things, plaintiff-appellant Charles
 F. Rogers alleged that defendant police officers used excessive
 force when arresting him. The case was tried to a jury, and
 judgment entered in favor of defendants. We affirm.
 Rogers argues that the district court erred in
 denying his request for an extension of the deadline for
 disclosure of experts and their written reports, and in
 subsequently excluding his police-practice expert, George Page,
 from testifying at trial. We see no abuse of discretion. Cf.
 Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum
 Corp., 79 F.3d 182, 203 (1st Cir. 1996) ("A trial court may
 'readily exclude a witness or exhibit if some previous order
 had set a deadline for identification and the proponent [has],
 without adequate excuse, failed to list the witness or
 exhibit.'") (citation omitted). Rogers had already received
 three extensions of the discovery deadline; he had been warned
 that no further extensions would be allowed; the further
 extension he sought would have interfered with the trial date
 (which had already been extended once); and there was no solid
 assurance that he could meet a new deadline. We also think
 that it would have been unfair to defendants to permit Page's
 testimony at trial where, it appears, they had never been
 provided with a written report. 
 Rogers also argues that the district court abused its
 discretion in refusing to ask any of his proposed jury voir
 dire questions, and that the court conducted a one-side inquiry
 --
 into potential bias regarding government agents. Our review of
 this issue is hampered by the absence of a transcript. The
 appellant bears the burden of producing "a transcript of such
 parts of the proceedings [below] not already on file" as is
 necessary to enable this court to place the parties'
 contentions into perspective. See Fed. R. App. P. 10(b); Moore
 v. Murphy, 47 F.3d 8, 10 (1st Cir. 1995). Where a transcript
 has not been produced, this court in its discretion either may
 scrutinize the merits of the case insofar as the record
 permits, or may dismiss the appeal if the absence of the
 transcript thwarts intelligent review. Moore, 47 F.3d at 10. 
 We are aware that appellant is proceeding in forma
 pauperis, and that he filed a motion for a transcript at
 government expense in the district court. See 28 U.S.C. 
 753(f). However, the district court denied the motion on the
 ground that the appeal fails to present any substantial issues,
 and Rogers has failed to appeal that denial or renew his
 transcript request in this court. Indigence does not relieve
 an appellant of the burden of producing a transcript. See
 Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990)
 (dismissing issues on appeal for lack of a transcript despite
 appellant's indigence). 
 In any event, the voir dire issue appears to be
 without merit. Although the trial judge arguably was required
 to make some inquiry into pro-government bias, he was not
 required to use Rogers's specific questions. See United States
 v. Victoria-Peguero, 920 F.2d 77, 84 (1st Cir. 1990) (stating
 that the trial court should ordinarily make inquiry into
 whether prospective jurors would be inclined to place greater
 faith in a government agent's testimony but also stating that
 the phrasing of the inquiry is up to the judge). The trial
 judge's handwritten notations on Rogers's voir dire proposal
 indicate that he intended to cover some of the requested
 questions (including a question as to whether jurors would give
 greater credence to the testimony of a law-enforcement official
 than an ordinary person). Finally, defendants argue (and
 Rogers does not deny) that Rogers made no objection to the
 questions actually posed. Under the circumstances, we must
 assume that any claim of error is waived. 
 Affirmed.